In re: ASHLEY, APPELLANT, *v.*
ASHLEY, APPELLEE.

(No. 42574—Decided February 26, 1981.)

Messrs. *Terrell, Salim, Hollander &*

*Esper* and *Mr. Richard A. Oviatt,* for appellant, Carl Thomas Ashley.

*Mr. Gregory M. Lichko,* for appellee, Juanita Ashley.

PRYATEL, J. On January 18, 1977, Carl and Juanita Ashley filed a petition for dissolution of marriage and attached their separation agreement pursuant to R.C. 3105.63.

The court timely held a hearing. Upon reviewing the testimony and finding that both parties (1) made a complete disclosure about their financial situations, and (2) desired to have their marriage dissolved in accordance with the terms of the separation agreement, the court approved the petition and granted the decree of dissolution incorporating the separation agreement.

On January 30, 1979, nearly two years after this judgment was entered, Juanita Ashley moved (1) to vacate the separation agreement contending that it was inequitable, and (2) to show cause as to why Carl Ashley should not be held in contempt for his continuing violation of the separation agreement. The trial court consolidated these motions and, upon hearing, set aside the separation agreement on the ground that a full financial disclosure had not been made. The court ordered Carl Ashley to pay temporary alimony and child support; he did not appeal the order. Subsequently, the court held a hearing on the issue of property division. Although properly served, Carl Ashley did not appear at this hearing. However, Juanita Ashley, her counsel and Carl Ashley's counsel were present. On June 3, 1980, the trial court decreed a new separation agreement without the consent of both parties. The amended agreement awarded Juanita Ashley additional financial support as well as all rights to the marital home.[1]

Carl Ashley, hereinafter appellant, appeals this order of the trial court,

---

[1] Under the previous agreement, Juanita Ashley was accorded a one-half interest in the home which was to be sold when the youngest child reached the age of majority.

amending the separation agreement, citing four assignments of error.

*Assignment of Error No. I:*

"I. Whether the court erred in granting the appellee-wife's motion to vacate the judgment rendered February 22, 1977."[2]

In *Bates & Springer, Inc.,* v. *Stallworth* (1978), 56 Ohio App. 2d 223 [10 O.O.3d 227], the applicable holding of the court is summarized in headnote four as follows:

"An order vacating a judgment under Civ. R. 60(B) is a final appealable order, and an appeal therefrom must be taken within 30 days. Therefore, when a trial court vacates a judgment under Civ. R. 60(B) and the case is tried on the merits, an appeal taken from the ultimate decision on the merits in which the appellant assigns as error the trial court's vacation of the judgment is not timely filed unless the appeal is filed within 30 days of the trial court's order vacating the judgment."

In the case at bar, the trial court's order vacating judgment was journalized on September 26, 1979. Appellant did not appeal that order but waited for the matter to be tried on the merits. By his failure to timely appeal that order, we hold that he is barred from assigning as error the trial court's order vacating judgment on the separation agreement.

Accordingly, Assignment of Error No. I is overruled.

*Assignment of Error No. IV:*

"IV. The judgment rendered June 3, 1980 is void."

Appellant contends that the basic philosophy underlying the statutory provisions governing dissolution of marriage is premised upon two conditions: (1) that the parties mutually agree to a dissolution, and (2) that the parties concur on a separation agreement that is approved by the court. Hence, any order adjusting a division of property agreement without such assent by the parties is void.

This action for dissolution of marriage was brought under the special statutory proceedings embodied in R.C. 3105.61 to 3105.65.[3] Examining these re-

---

[2] It should be noted that appellee has moved to dismiss appellant's first assignment of error. In light of the fact that this assignment of error is not well taken, the motion to dismiss is moot.

[3] These statutes are as follows:

R.C. 3105.61:

"The court of common pleas may grant a dissolution of marriage."

R.C. 3105.62:

"One of the spouses in an action for dissolution of marriage shall have been a resident of the state at least six months immediately before filing the petition. Actions for dissolution of marriage shall be brought in the proper county for commencement of actions pursuant to Civil Rules. For purposes of service of process, both parties in an action for dissolution of marriage shall be deemed to be defendants and subject to service of process as defendants pursuant to the Civil Rules."

R.C. 3105.63:

"A petition for dissolution of marriage shall be signed by both spouses, and shall have attached and incorporated a separation agreement agreed to by both spouses. The separation agreement shall provide for a division of all property, alimony, and, if there are minor children of the marriage, for custody of minor children, child support, and visitation rights. An amended separation agreement may be filed at any time prior to or during the hearing on the petition for dissolution of marriage. Upon receipt of a petition for dissolution of marriage, the court may cause an investigation to be made pursuant to Civil Rules."

R.C. 3105.64:

"Not less than thirty nor more than ninety days after the filing of a petition for dissolution of marriage, both spouses shall appear before the court and each spouse shall acknowledge under oath that he has voluntarily entered into the separation agreement appended to the petition, that he is satisfied with its terms, and that he seeks dissolution of the marriage."

R.C. 3105.65:

"(A) If at the time of the hearing either spouse is not satisfied with the separation

cent statutes, it is evident that they require agreement between the husband and wife on both elements of the proceedings. In order for the court to be empowered to grant a dissolution, the parties must agree (1) to a dissolution of their marriage, and (2) to the terms of their separation agreement which provide for a division of property, alimony, custody, child support and visitation. Obviously, if the parties do not agree to both requisites, they do not qualify for a dissolution and may seek a divorce pursuant to a ground listed in R.C. 3105.01, thereby invoking the adversary process.[4] See Rep. Alan E. Norris, Divorce Reform Revisited, 50 Ohio Bar 809 (1977).[5]

In an action for dissolution, the trial court has only a limited involvement.[6] The court must hold a timely hearing in which both parties are to appear and give their formal assent to the dissolution and terms of the agreement.[7] If either party is dissatisfied, the court must dismiss the petition. Only if both parties are completely in accord on both elements, may the court validate the dissolution and grant a decree. See R.C. 3105.64 and 3105.65.

While R.C. 3105.18 expressly provides that the court may allow alimony in dissolution proceedings, nevertheless, under R.C. 3105.65, the only manner in which the trial court may grant alimony is with the concurrence of both of the parties. In our judgment, the alimony statute (R.C. 3105.18) does not confer authority upon the trial court to decide the terms of alimony in a separation agreement filed pursuant to R.C. 3105.63, independent of the parties.[8] While the trial court may conduct an investigation on which to base its approval prior to validating the agreement submitted by the parties, the court may refuse to validate it and dismiss the petition, if the separation agreement is inequitable in light of the factors listed in R.C. 3105.18. See Hon. John R. Milligan,

---

agreement, or does not wish a dissolution of the marriage, the court shall dismiss the petition and refuse to validate the proposed separation agreement.

"(B) If, upon review of the testimony of both spouses, and of the report of the investigator pursuant to Civil Rules, the court approves the separation agreement and any amendments thereto agreed upon by the parties, it shall grant a decree of dissolution of marriage incorporating the separation agreement. A decree of dissolution of marriage has the same effect upon the property rights of the parties, including rights of dower and inheritance, as a decree of divorce. The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation."

[4] It may be noted that R.C. 3105.01(K) lists as a ground for divorce that the parties have lived separate and apart for two years without cohabitation.

[5] Representative Norris was the chief sponsor of H. B. No. 233, "The Divorce Reform Act," which promulgated the dissolution statutes.

[6] However, the trial court may investigate the action. See R.C. 3105.63. Under such an investigation, the trial court may independently determine the fairness and adequacy of the terms that the parties have agreed to and withhold validation if the terms are unjust.

[7] Under R.C. 3105.64, the hearing must be held not less than thirty days nor more than ninety days after the filing of the petition.

[8] The limited jurisdiction on the part of the trial court is further exemplified in the last portion of R.C. 3105.65(B) which provides that:
"* * * The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation."
In 1975, this clause was amended to its present form (see 136 Ohio Laws, Part II, 2452), by specifically deleting the provision of continuing jurisdiction to modify periodic alimony payments. Hence, it is apparent that the legislature did not intend future modification of alimony payments.

Dissolution of Marriage — "Fresh Air in Family Court," 8 Akron L. Rev. 383, 393 (1975).[9]

The case *sub judice* involves an unusual set of circumstances. Although the trial court originally granted a dissolution with the required assent of the parties to both the dissolution and the separation agreement, the lower court, upon motion, subsequently vacated judgment only with respect to the separation agreement. The trial court then decreed its own separation agreement, absent any record of verified consent by appellant, Carl Ashley, or appellee, Juanita Ashley, as required by R.C. 3105.64.

The validity of the action by the trial court in vacating judgment is not before us.[10] The issue here is whether a court, sitting under the authority of the dissolution statutes of R.C. 3105.61 *et seq.,* can impose new terms of alimony and division of property without the consent of the parties. We hold that it cannot. Mutual consent to the separation agreement was one of the two essential elements required for a valid judgment of dissolution. After vacating judgment on the original separation agreement due to incomplete disclosure, the court was obligated to dismiss the petition for dissolution previously granted and leave the parties where it found them. To set aside the agreement is to set aside the dissolution. To hold otherwise is to permit these dissolution statutes (R.C. 3105.61 *et seq.*) to circumvent the divorce laws by initially accepting the parties' agreement to the dissolution and separation agreement, and, after the issuing of the decree, allowing one of them to repudiate such agreement. For the court to modify the separation agreement on a matter over which it does not retain jurisdiction[11] amounts to granting a divorce without proof of any statutory ground for divorce. We believe that this was not the intention of the legislature, nor will we construe the dissolution statutes in this manner. We conclude that the trial court erred (1) in its independent alimony determination dated June 3, 1980, and (2) in its failure to dismiss the dissolution petition after vacating the judgment based on the original separation agreement.

Accordingly, Assignment of Error No. IV is sustained.

*Assignments of Error Nos. II and III:*

"II. Whether the trial court erred in reconsidering alimony and child support during the rehearing of March, 1980, when the purpose of said hearing was expressly to rehear the issue of division of property."

"III. The trial court was arbitrary, unreasonable, and abused its discretion in determining the division of property and awarding the wife excessive alimony, child support, and attorneys' fees."

These assignments of error need not be reached in light of the disposition of Assignment of Error No. IV.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

JACKSON, C.J., and KRENZLER, J., concur.

---

[9] Judge John R. Milligan of Stark County along with Judge John W. Hill of Franklin County headed a committee of judges of Domestic Relations Courts involved in the proposal and passage of the dissolution laws. See Rep. Alan E. Norris, Divorce Reform, Ohio Style, 47 Ohio Bar 1031, 1033 (1974).

[10] The appeal was untimely filed. See discussion with respect to Assignment of Error No. I, *supra.*

[11] As noted previously, the court has jurisdiction to modify only matters of custody, child support and visitation.