BILLER, Appellee,

v.

FITCH, Appellant.

[Cite as *Biller v. Fitch* (1989), 61 Ohio App.3d 357.]

Court of Appeals of Ohio,
Seneca County.

No. 13–86–35.

Decided March 27, 1989.

*John T. Barga,* for appellant.

*Douglas A. Burtt,* for appellee.

SHAW, Judge.

This is an appeal from a judgment entered in the Tiffin Municipal Court awarding the plaintiff-appellee, Roger Biller, the amount of $1,600 in a negligence action.

The case originated with the filing of a complaint by the plaintiff against the defendant-appellant, Lorrie Booze Fitch, for damages sustained to an automobile operated by the plaintiff in a collision between the parties. On December 6, 1984, the trial court entered a consent judgment settling the case for the amount of $1,600 plus interest. Subsequently, the defendant filed a motion for relief from judgment, stating that defense counsel had not ap-

proved or signed the consent judgment. On August 17, 1985, the trial court vacated the consent judgment and ordered a trial on the merits.

Following the trial, the court, on November 4, 1985, entered judgment finding that the defendant's negligence was the cause of the accident. However, the trial court dismissed the complaint on the issue of damages because the plaintiff failed to establish, pursuant to R.C. 4504.04, his ownership of the car that he was driving at the time of the accident. Subsequently, the plaintiff moved for a new trial and also moved to vacate the judgment.

The trial court sustained the plaintiff's motion for a new trial and, on June 19, 1986, the court *sua sponte* vacated the November 4, 1985 judgment, citing Civ.R. 60(B)(1) and (B)(5). The trial court concluded that the case had been settled for $1,600 and the only remaining issues were the method of payment of the settlement and whether interest was to be paid on the $1,600. The court ordered that the matter come on for hearing on those issues.

A hearing was held and on October 15, 1986, the trial court entered judgment for the plaintiff stating that the judgment was in accordance with its earlier finding that the matter was settled for $1,600. The court also ordered that no interest be paid on the settlement amount.

The defendant appeals and asserts the following assignments of error:

"I. The trial court committed reversible error when on June 19, 1986 and on October 15, 1986 upon its own motion and without conducting an evidentiary hearing, it vacated its prior judgment entry of November 4, 1985."

"II. The trial court does not have the authority to draw conclusions concerning events transpiring outside of the record without evidence and then act upon the same."

Under the defendant's first assignment of error, she contends that it was error for the trial court to *sua sponte* vacate a prior judgment dismissing the complaint without holding an evidentiary hearing.

"In *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 233, the applicable holding of the court is summarized in headnote four as follows:

" 'An order vacating a judgment under Civ.R. 60(B) is a final appealable order, and an appeal therefrom must be taken within 30 days. Therefore, when a trial court vacates a judgment under Civ.R. 60(B) and the case is tried on the merits, an appeal taken from the ultimate decision on the merits in which the appellant assigns as error the trial court's vacation of the judgment is not timely filed unless the appeal is filed within 30 days of the trial court's order vacating the judgment.' " *Ashley v. Ashley* (1981), 1 Ohio App.3d 80, 81, 1 OBR 359, 360–361, 439 N.E.2d 911, 913. See, also, *Bourque v. Bourque* (1986) 34 Ohio App.3d 284, 286, 518 N.E.2d 49, 51.

The trial court's order vacating judgment was journalized on June 19, 1986. The judgment from which the defendant brought this appeal was entered on October 15, 1986. Although the defendant asserts that the trial court erred in entering orders on June 19, 1986 *and* on October 15, 1986 vacating judgment, our review of the latter order reveals that it was solely a judgment decreeing the matter settled and ordering that no interest be paid on the settlement amount.

The defendant did not appeal the court's order vacating judgment but waited for the matter to be tried on those issues that the trial court found to be unresolved. By her failure to bring a timely appeal within thirty days of the order vacating judgment, the defendant is barred from assigning as error the trial court's order setting aside the dismissal of the complaint. Accordingly, the defendant's first assignment of error is not well-taken and is overruled.

Under her second assignment of error, the defendant contends that the trial court erred in "draw[ing] conclusions concerning events transpiring outside the record." However, all of the defendant's arguments in this regard are addressed to the June 19, 1986 order vacating judgment. Based upon our conclusions reached under the first assignment of error, this assignment is not well-taken and is overruled. Accordingly, the defendant having failed to assign or argue any error committed by the trial court pursuant to its judgment entry of October 15, 1986, that judgment is hereby affirmed.

*Judgment affirmed.*

EVANS, P.J., and MILLER, J., concur.