### In re: Boblenz and Boblenz
*[Cite as 3 AOA 73]*

*Case No. 9-88-47*
*Marion County, (3rd)*
*Decided May 4, 1990*

*Mr. James P. Luton, Attorney at Law, 228 E. Center Street, Marion, Ohio 43302, for Appellant.*

*Mr. Harold R. Kemp, Attorney at Law, 88 West Mound Street, Columbus, Ohio 43215, for Appellee.*

BRYANT, J.

This is an appeal from the judgment of the Court of Common Pleas of Marion County modifying periodic alimony, child support and further, pursuant to Civ. R. 60(B)(5), modifying the terms of the property settlement of the parties set forth in their prior decree of dissolution of marriage.

The marriage of Carol A. Boblenz, appellee, and Thomas L. Boblenz, appellant, was terminated by decree of dissolution of marriage entered September 12, 1986. The parties' separation agreement, shown by a document prepared by Carol's attorney with Thomas' express consent and approval, was adopted by the trial court and incorporated in the final dissolution decree.

As agreed by the parties, the dissolution decree divided their property including certain business interests, awarded periodic alimony for Carol, placed custody of the parties' 14 year old child, Tamara, with Carol, and ordered Thomas to pay child support for Tamara to the Bureau of Support. The decree reserved to the trial court continuing jurisdiction to modify alimony upon increase of Thomas's earnings and provided for increased alimony upon termination of Thomas' child support obligations.

The portions of the separation agreement now in dispute are as follows:

*"ARTICLE II. CUSTODY AND SUPPORT FOR THE MINOR CHILD OF THE PARTIES*

"Custody of the minor child of the parties, Tamara Jo Boblenz, age 14 years, d.o.b. 1/8/62, shall be with the Wife and Husband shall pay as support for said minor child the sum of Seventy Dollars ($70.00) per week, plus 2% poundage, payable through the Marion County Clerk of Courts; payable 50% on the 15th of each month and the remaining 50% payable on the 30th of each month. First payment to commence on July 31, 1986.

"* * *

*"ARTICLE VI. DIVISION OF PROPERTY*

*"Ownership of Business* Husband shall retain 75% ownership of the parties' business of T.L. Boblenz and Associates, Inc. and in consideration thereof, Husband agrees to pay to Wife 50% of the first $200.00 withdrawn in any month therefrom and 1/2 of any excess thereof, and Husband shall transfer unto Wife 25% ownership in said business.

*"ARTICLE VII. ALIMONY*

"Husband agrees to pay to Wife as alimony the sum of $220.00 per month payable on the 15th of each month and the balance of 50% on the 30th day of each month; first payment to commence July 31, 1986. Upon Husband's child support obligations terminating, said alimony shall increase to $500.00 per month. It is agreed

that the Court shall retain continuing jurisdiction to review and increase the alimony hereunder in the event Husband's income increases hereafter. Said alimony shall terminate upon Wife's death or remarriage."

Upon Tamara's later election to live with her father rather than her mother as ordered, Thomas, on August 27, 1987, filed his motion for an order changing custody of Tamara accordingly.

On September 5, 1987, at hearing by the referee, Tamara confirmed her election of Thomas to be her custodian. The referee's report was filed September 22, 1987, and adopted by the trial court's judgment entry of October 13, 1987, changing Tamara's custody as she had chosen, terminating Thomas' child support payments to the Bureau of Support and ordering Carol to pay $44 per week child support for Thomas.

Also on September 15, 1987, Carol filed her motion requesting the trial court to exercise its continuing jurisdiction pursuant to Civ. R. 75(I) and to modify pursuant to Civ. R 60(B) (5) the terms of the parties' property settlement incorporated in their earlier decree of dissolution.

Carol further moved that the trial court cite Thomas for contempt of court for his failure to pay certain sums of money to Carol or on her behalf, as ordered, and for his failure to transfer title to her of certain vehicles and of a percentage of Thomas' business, also as ordered by the dissolution decree.

The modification of decree Carol sought was one awarding her a judgment for $15,000 instead of the 25% interest in ownership of T.L. Boblenz and Associates previously awarded to her by the parties' agreement, "for the reason that the statutes of the State of Ohio prohibit her as a non-licensed party to be an owner."

Carol's motions came on for hearing before the referee October 19, 1987. The referee after finding facts, made his recommendations to which Carol objected. Thereafter, the Court entered its order, apparently adopting the referee's findings but rejecting his recommendations and determining that:

"Based upon the file, Referee's Report, facts and arguments of counsel, the court orders the following:

"It is THEREFORE, ORDERED, ADJUDGED and DECREED that any interest previously awarded to Petitioner-Wife in T.L. Boblenz & Associates, Inc. is hereby terminated. Petitioner-Husband is and shall continue to be the full and exclusive owner with respect to all shares for said corporation. Petitioner-Husband shall save Petitioner-Wife harmless on any and all liability arising from the operation of said business enterprise.

"It is FURTHER ORDERED, ADJUDGED and DECREED that Petitioner-Husband shall forthwith pay to Petitioner-Wife the sum of Five Thousand Dollars ($5,000.00) which represents on a partial basis Petitioner-Wife's interest in said corporation.

"It is FURTHER ORDERED, ADJUDGED and DECREED that the sustenance alimony award previously entered herein be changed and as such, effective October 1, 1988, Petitioner-Husband shall pay to Petitioner-Wife the previously awarded sum of Five Hundred Dollars ($500.00) per month. Said sums shall be paid by payroll deduction, plus poundage, through the Support Enforcement Agency of Marion County, Ohio."

Appellant, Thomas Boblenz, now asserts three assignments of error by the trial court. The first assignment of error is:

"THE COURT'S ORDER TERMINATING THE WIFE'S CHILD SUPPORT OBLIGATION WITHOUT A HEARING OR SHOWING OF CHANGED CIRCUMSTANCES IS ERROR AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Appellant's counsel, in his brief, argues that no hearing was held and no evidence taken by the trial court to support that portion of its judgment that the former order of the court requiring Carol to make child support payments be terminated. Further, appellant's counsel asserts that the court's order in this regard is based only on the unsupported statements of Carol's attorney made during a conference with the trial judge. It is not clear whether or not the alleged conference was in the presence of appellant or his counsel or whether it is implied to have been *ex parte*. Appellee's brief does not clarify the matter, merely pointing to the recitations of the trial court's judgment entry that "The matter was scheduled for hearing on all matters * * * on September 30, 1988", and that the trial court had considered "the file, the Referee's Report, facts and arguments of counsel * * *."

Appellee argues that the appellant always bears the burden on appeal of showing error of the trial court by specific reference to the record. This, of course, is a basic principal of appellate review in Ohio under the Appellate Rules.

Appellant implies that the trial court entered judgment terminating appellee's duty to make weekly child support payment without holding a hearing or taking evidence to support that judgment. Nothing in the record confirms the occurence or non-occurrence of the trial court's conduct upon which appellant's assignment of error is predicted.

A silent record, however, proves nothing, and a finding of reversible error may not be founded on that silence. Civ. R. 52 and App. R. 9 provide opportunities, and the latter especially provides the necessity, the authority and the procedure or avenue by which such a void may be filled. In the absence of a specific showing of error appearing in the record by transcript, agreed statement, settled record or other means provided by the rules, appellant's first assignment of error must be and accordingly is overruled.

Appellant's second and third assignments of error refer to the parties' separation agreement incorporated in their decree of dissolution of marriage subsequently modified by the trial court on appellee's motions.

Although different legal principals govern disposition of these remaining assignments of error, for clarity and brevity of discussion we consider these together. They are:

"THE COURT ERRED IN MODIFYING THE PARTIES [sic] SEPARATION AGREEMENT TERMINATING THE WIFE'S INTEREST IN THE BUSINESS AND PAYMENT OF A LUMP SUM $5,000.00 AND INCREASED ALIMONY TO THE WIFE.

"THE COURT ERRED IN MODIFYING THE PROPERTY SETTLEMENT PORTION OF THE SEPARATION AGREEMENT ENTERED INTO BY THE PARTIES IN A DISSOLUTION OF THEIR MARRIAGE."

In this dissolution matter the trial court has no more authority to modify the parties' separation agreement than that given it by that agreement. *In re Adams* (1989), 45 Ohio St. 3d 219. R.C. 3105.65(B) as in effect at the time of the Boblenz agreement and dissolution provided, in part, that the trial court " only in accordance with division (D) (2) of section 3105.18 of the Revised Code, has authority to modify the amount or terms of alimony." R.C. 3105.18(D) (2) provides that as to dissolution actions determined after May 2, 1986, the trial court has jurisdiction to modify the amount or terms of periodic alimony payments only if it determines that the circumstances of either party have changed and the separation agreement incorporated in the decree contains specific authorization to the court to make such modifications.

By the terms of the agreement incorporated in the decree before us the trial court's authority to modify periodic alimony is specifically limited to enforcement of an agreed upon automatic increase "[u]pon Husband's child support obligations terminating * * * " and "continuing jurisdiction to review and increase the alimony hereunder in the event Husband's income increase hereafter"

In the trial court, appellee claimed that her alimony was to be increased automatically upon the court's changing custody of Tamara to appellant and terminating appellant's support payments through The Bureau of Support. Appellee seems to argue on appeal that the increase in support is necessary to meet her financial needs. This argument is irrelevant to the matter of the automatic increase of alimony claimed.

We believe it is clear that the language of the parties' written agreement anticipates automatic increase of periodic alimony only upon termination of all of appellant's "child support obligations", not just is duty to assists in support by payments to the custodial parent.

Parents owe an obligation to the state and to their children to support their children. The support obligation is for the benefit of the child to be supported and the expense of such and the obligation continues during the minority of the child regardless of who the child's custodian may be. See, *Smith* v. *Smith* (1964), 70 Ohio App. 2d 4, 8. The manner by which appellant accomplishes or meets his child support obligation has changed, but the obligation to support has not terminated.

Neither below, nor here on appeal has appellee contended for other changed circumstances of the parties or for increased alimony proper under the trial court's limited retained authority to modify.

We hold therefore that the trial court exceeded it's authority and thereby abused its discretion by ordering and enforcing an increase in amount of the payments of periodic alimony required by the parties' decree of dissolution.

We turn to the remainder of appellant's assignments of error concerning the trial court's modification of the division of property agreed upon and incorporated in the parties decree of dissolution.

The modification ordered by the trial court alters the division of property settled upon by the

parties for purposes of dissolving their marriage. In the original proceeding for dissolution the court had no authority to alter the parties' agreement without their consent and it retains none pursuant to R.C. 3105.65, 3105.18 or Civ. R. 75(I). See, *Adams, supra.*

In the trial court appellee sought relief pursuant to Civ. R. 60(B) (5) from only that part of the parties' decree of dissolution that incorporated the parties' agreement for division of one of the marital assets. By their separation agreement, incorporated in the decree of dissolution pursuant to R.C. 3105.65, the parties divided the values of appellant's professional business, held in the form of a professional corporation, by awarding a 25% interest to appellee with appellant retaining the remaining 75% of that business asset.

Appellee asserted in the trial court, as here on appeal, that because she is not a licensed professional authorized by statute to hold shares in such a professional corporation the award of an interest in that property to her is void. She therefore sought change of the terms of the property division made in the decree to an award of a sum of money instead of the business interest.

In *Ashley* v. *Ashley* (1981), 1 Ohio App. 3d 80, the Court of Appeals for Cuyahoga County concluded, as we do now, that separation agreements incorporated in decrees of dissolution may not be modified piecemeal. The court in *Ashley* said:

"The issue here is whether a court, sitting under the authority of the dissolution statutes of R.C. 3105.61 *et seq.*, can impose new terms of alimony and division of property without the consent of the parties. We hold it cannot. Mutual consent to the separation agreement was one of the two essential elements required for a valid judgment on the original separation agreement * * *. To set aside the agreement is to set aside the dissolution. To hold otherwise is to permit these dissolution statutes * * * to circumvent the divorce laws by initially accepting the parties' agreement to the dissolution and separation agreement, and, after the issuing of the decree, allowing one of them to repudiate such agreement." 1 Ohio App. 3d at 83.

The effect to be anticipated should we determine upon the facts before us that the decree is void, thus permitting relief under Civ. R. 60(B) (5), would be to release the parties totally from the obligations of the decree, as noted by the Supreme Court in *Knapp* v. *Knapp* (1986), 24 Ohio St. 3d 141, 145:

"Any modification of the separation agreement, other than one permitted by the Revised Code, would be inequitable because it would require the court to set aside the dissolution, and restore the marriage."

The trial court's order granting Appellee $5,000 for her 25% interest in the business is an alteration of the parties' original property settlement agreement clearly not permitted under R.C. 3105.65(B) and is therefore in error. The parties' agreement in respect to their division of property is clear and unambiguous. The evidence before us persuades us that the agreement between the parties was the product of mutual mistake. However, it does not create an illegality requiring that the dissolution should be set aside and the marriage restored under Civ. R. 60(B) (5). The agreement of the parties in effect was to give Appellee the security of a 25% interest in the business as her shared marital property. Although Appellee cannot lawfully hold legal title to the 25% interest, she can hold a lien by judgment on the business assets while appellant holds the actual shares subject to her claim. Appellee made a voluntary and deliberate choice with the advice of her own counsel. We therefore hold that the provision respecting the division of property awarding a 25% interest to appellee in T. L. Boblenz and Associates, Inc. is not void, but enforceable as the charge upon the asset as it was intended to be, should the business or appellee's interest be sold or be otherwise disposed of.

Appellant's second and third assignments of error are therefore sustained.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Marion County is affirmed in part, reversed in part, and remanded for further proceedings.

*Judgment affirmed in part,
reversed in part and
cause remanded.*

SHAW, P.J., and EVANS, J., concur.