OPINION
Appellant Cleo M. Lanier, II., appeals a judgment of the Fairfield County Common Pleas Court granting appellee Tabitha L. Lanier's motion to vacate the judgment dissolving the parties' marriage:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT IMPROPERLY GRANTED APPELLEE'S MOTION TO VACATE THE JUDGMENT OF FEBRUARY 22, 1999 WHERE APPELLEE FAILED TO SUBMIT FACTUAL MATERIAL THAT, ON ITS FACE, DEMONSTRATES THE REQUIREMENTS FOR GRANTING A 60 (B) MOTION: (1) THAT APPELLEE WAS ENTITLED TO RELIEF UNDER ONE OF THE GROUNDS STATED IN OHIO CIVIL RULE 60 (B); (2) THE EXISTENCE OF OPERATIVE FACTS SUPPORTING A MERITORIOUS CLAIM OR DEFENSE IF RELIEF IS GRANTED; AND (3) THAT APPELLEE'S MOTION IS TIMELY FILED.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT SUSTAINED APPELLEE'S MOTION TO VACATE THE JUDGMENT OF FEBRUARY 22, 1999 WITHOUT AN ORAL HEARING.
 III. THE TRIAL COURT WAS WITHOUT JURISDICTION UNDER OHIO REVISED CODE SECTION 3105.65 TO VACATE A PORTION OF THE PARTES' DISSOLUTION OR ANY PROVISION THEREIN WHERE THERE IS NO SPECIFIC RESERVATION OF JURISDICTION.
The parties were married on June 1, 1985. The marriage was dissolved by the Fairfield County Common Pleas Court on February 22, 1999. The parties were not represented by counsel at the time the marriage was dissolved. The parties purchased a packet, which would allow them to have the marriage dissolved without counsel. The parties entered into a separation agreement, and each party signed a waiver of representation, a financial disclosure affidavit, a child support computation, a property waiver, and a waiver of financial documentation. On July 1, 1999, appellee filed a motion pursuant to Civ.R. 60 (B) seeking to vacate the dissolution, which incorporated the separation agreement. In an affidavit attached to her motion, appellee stated that a car and a boat, both of which were marital property, were not included in the dissolution. She also stated that the value of her business was greatly inflated at the insistence of appellant. In addition, she stated in her affidavit that she recently discovered she is entitled to P.E.R.S. benefits, pursuant to appellant's plan. She stated that appellant and his mother both threatened her, and appellant attempted to force her to live next to him even after the dissolution. She stated that she entered into the agreement under duress from appellant, and did not realize the agreement did not include all marital property until after she consulted an attorney concerning moving away from appellant. In response, appellant filed an affidavit stating that the termination of the marriage was initiated by appellee, after she informed him that she no longer loved him, and was involved in an extramarital affair. He further stated in his affidavit that appellee's allegations that she lived in fear of him were false, as he had never hit, assaulted, kicked, or threatened appellee. After a non-oral hearing, the court found the motion to vacate well taken, and sustained the motion. However, the court vacated the February 22, 1999 judgment solely on the issue of division of property.
 I
Appellant argues that appellee's motion was not supported with factual material that demonstrated that she was entitled to relief. A movant for relief from judgment under Civ.R. 60 (B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The movant must submit factual material with the motion which demonstrates grounds, which, if true, would constitute a defense to the action. Matson v. Marks (1972), 32 Ohio App.2d 319, 327. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216, 220. Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. BancOhio National Bank v. Schiesswohl (1988), 51 Ohio App.3d 130, paragraph one of the syllabus. Appellee claimed in her motion and supporting affidavit that certain items were not included in the property division, that appellant possessed a P.E.R.S. Retirement Plan which she was not aware of, and that certain assets were misvalued when the parties entered into their separation agreement. She further stated that appellant forced her to sign the agreement under duress, and that both appellant and his mother had threatened her. The motion and supporting affidavit set forth operative facts which, if true, demonstrated that appellee had a meritorious claim to present if relief was granted. Appellee further set forth facts which, if true, demonstrated her entitlement to relief under Civ.R. 60 (B) (3), providing relief for fraud, misrepresentation, or other misconduct of an adverse party. The motion was filed not more than one year after judgment, as required by Civ.R. 60 (B). As appellant facially demonstrated a claim for relief, appellant's first assignment of error is overruled.
 II
Appellant argues that the court in failing to assign the matter for evidentiary hearing. As discussed earlier, where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense, the court must assign the matter for evidentiary hearing. Id. At such hearing, both parties have the opportunity to present evidence. Cogswell v. Cardio Clinic of Stark County, Inc. (October 21, 1991), Stark App. No. 8553, unreported, page four. At the conclusion of the hearing, the court must decide whether the movant is entitled to relief under the GTE test. Id. If the court decides in the affirmative, the court should vacate the judgment, and assign the matter for trial upon the merits. Id. When reviewing the motion and supporting affidavits, the court does not weigh the evidence. Matson, supra, at 327. The court simply decides whether the allegations of the movant, if true, would constitute a defense to the claim. Id. At the hearing, the movant has the burden of persuasion that he is entitled to relief under the GTE test. Cogswell, supra, at page four. Where the evidence before the court conflicts, and the record demonstrates that the court necessarily weighed the evidence before it in granting a motion to vacate, the court erred in granting the motion without holding an evidentiary hearing. Woodside Pet Cemetery v. W.G. Lockhart Construction Company (October 26, 1998), Stark App. No. 1997CA00402, unreported. In the instant case, the evidence before the court conflicted on the issue of whether the separation agreement was voluntarily entered into by the parties. The court necessarily weighed the affidavits in determining that the motion to vacate should be granted, as appellant presented evidence that he did not threaten appellee. Further, the court necessarily judged the credibility of the evidence in determining that appellee was not aware of the existence of certain assets at the time she signed the agreement. The court erred in failing to hold an evidentiary hearing, at which both parties could present evidence. In the event the court determines after hearing that the motion to vacate should be granted, the court must vacate the entire judgment of dissolution, and not merely the property division. Mutual consent to a separation agreement is a prerequisite to a valid judgment of dissolution, pursuant to R.C.3105.64 et seq. Valentine v. Valentine (February 5, 1986), Guernsey Appellate No. CA-785, unreported. In the special legislative procedure for dissolution of marriage, the issues of division of property, spousal support, child custody, child support, visitation, acknowledgment of the voluntariness of the agreement, satisfaction of both parties with the agreement, and desire for dissolution of the marriage, are inextricably tied together. Id. Where a court vacates judgment on the original separation agreement due to incomplete disclosure, the court is obligated to dismiss the petition for dissolution previously granted, and leave the parties where it found them. Ashley v. Ashley (1981) 1 Ohio App.3d 80, 83. To set aside the agreement is to set aside the dissolution. Id. For the court to modify the separation agreement on a matter over which it does not retain jurisdiction amounts to granting a divorce without proof of any statutory grounds for divorce. Id. The second assignment of error is sustained.
 III
The third assignment of error is rendered moot by our disposition of Assignment of Error II. The judgment of the Fairfield County Common Pleas Court is reversed. This cause is remanded to that court with instructions to hold an evidentiary hearing on appellee Tabitha L. Lanier's motion to vacate the dissolution judgment pursuant to Civ.R. 60 (B).
HOFFMAN, J. and FARMER, J. CONCUR.