OPINION
Appellant/Cross-Appellee, J. Scott Wolery, M.D. ("Scott"), and Appellee/Cross-Appellant, Jody A. Wolery ("Jody"), both appeal from an Allen County Common Pleas Court, Domestic Relations Division decision wherein the court determined the amount of reimbursement Jody owed to Scott for overpayments of child support paid in reliance upon a 1991 judgment entry, which was subsequently vacated. The trial court further recalculated child support for 1999. Scott and Jody both argue on appeal that the trial court erred in vacating the 1991 judgment entry. Additionally, Scott contends that the trial court should not have permitted Jody to reimburse him for overpayments of child support made in reliance on the vacated order. However, because the vacation and reimbursement order was a final appealable order and was not appealed by either party, the parties have waived appellate review of these determinations. Jody further contends that the court's recalculation of child support for 1999 and calculation of the amount of reimbursement, as determined in the instant order, violated previous orders of the court. Based upon our review of the record herein, we find no abuse of discretion, and therefore affirm the trial court's determination.
Facts and procedural history pertinent to this appeal are as follows. Scott and Jody were divorced on April 28, 1988. As part of their separation agreement, which merged into the divorce decree, Scott promised to pay post-high school child support for their three sons as long as they were full-time students at a post-secondary educational facility. As consideration for this promise, Jody agreed that if she were granted support payments in excess of 15.43% of Scott's income, then, his post-high school obligation would terminate.
In 1991, the parties attempted to modify this agreement in order to better accommodate Scott whose income was reduced during his training in cardiology. It was understood that subsequent to this training, he would have a substantial increase in his income. As recited in a 1991 judgment entry, the parties modified their prior agreement by allowing post-high school child support regardless of whether Jody was granted support increases in amounts greater than the previously agreed 15.43%. Jody contends that this decrease in Scott's child support obligation during the time his training was completed was consideration for this modification.
The 1991 judgment entry was prepared by Jody's attorney and sent to Scott's attorney, but because neither Scott nor his attorney believed the judgment entry reflected the parties agreement as recited orally before the court during the May 29, 1991 hearing on the matter, the entry was never approved by either of them. After no formal contrary response was made to the entry, it was journalized on July 16, 1991. No appeal was taken from this judgment. Thereafter, in reliance on the 1991 judgment entry, Jody sought and was granted child support increases beyond 15.43% of Scott's income for 1996 and 1997.
Because the children were approaching college age, on November 4, 1999, Scott filed a motion to partially vacate the 1991 entry in order to make it comply with the parties' oral recitation of the agreement previously made before the trial court. On December 20, 1999, Jody filed a motion to recalculate child support and a motion for a lump sum judgment for the arrearage in child support for 1999. The trial court held a hearing on the motions on March 20, 2000.
In a judgment entry filed on February 21, 2001, the trial court vacated the 1991 judgment entry in its entirety, holding that the agreement was an invalid modification of the parties' 1988 separation agreement because there was no meeting of the minds. The trial court noted that Jody assumed the parties' agreement, as recited to the court in 1991, established that the post-high school obligation would remain intact regardless of the amount of support she was granted. This was reflected in the entry she prepared. Scott, however, interpreted their agreement as not altering the separation agreement's post-high school support provision. The court further ordered that because she had relied on the 1991 judgment entry, Jody would have an opportunity to reimburse Scott for that amount of the child support payments that exceeded the 15.43% threshold in order to bring her into compliance with the 1988 agreement. In light of this ruling, the court granted Jody leave to amend her pleadings concerning the 1999 child support issues and deferred consideration of her pending motion. Neither party appealed from this entry.
On March 15, 2001, Jody amended her motion to recalculate support for 1999 by moving the court to establish support at the 15.43% threshold amount and submitted a Motion for Stay/Motion for Extension of Time to comply with the reimbursement order articulated in the court's prior judgment, claiming that she was unable to calculate the amount to be reimbursed. In a March 27, 2001 judgment entry, the court clarified the calculations in the prior order. Then, on March 30, 2001, Jody filed a Tender Pursuant to Orders Dated February 21, 2001 and March 27, 2001 with the court, stating that she did not owe Scott any reimbursement because the amounts owed should be offset by prior years in which she received less than 15.43% of Scott's income. The trial court again clarified the calculations of its prior judgments concerning reimbursement in an April 3, 2001 order and stated that its March 27, 2001 entry would remain in effect until the final resolution of Jody's motion for recalculation of support for 1999.
Subsequently, the trial court ruled on Jody's motion to recalculate child support for 1999 in a judgment entry dated August 31, 2001. The court found that, pursuant to former R.C. 3113.215, awarding Jody 15.43% of Scott's approximately $800,000 income would be unjust, inappropriate, and not in the children's best interest because the amount would far exceed the support necessary to care for the children. The court further finalized its calculations concerning the amount of reimbursement Jody owes Scott for the overpayments of child support made in excess of the threshold percentage, declining to give Jody credit for amounts allegedly foregone in reliance upon the vacated agreement.
From this decision Scott appealed and Jody cross-appealed, both asserting two assignments of error for our consideration. Because both of Scott's assignments and Jody's first cross-assignment are resolved using the same rationale, we will address them together.
 Assignment of Error I
The trial court erred when it vacated the Judgment Entry of July 16, 1991 in its entirety as opposed to partially vacating the entry and making the same consistent with the parties' agreement which had been read into the record.
 Assignment of Error II
The trial court erred when it retroactively modified the course of events which triggered the termination provision of the post high school child support, causing prejudice to the appellant.
 Cross Assignment of Error I
The trial court erred in vacating the judgment entry filed herein on July 16, 1991, where Appellant/Cross-Appellee's motion to vacate was filed more than eight years after the entry of said judgment.
 Both parties attach error to the trial court's vacation of the 1991 judgment entry. Additionally, Scott claims in his second assignment of error that the trial court erred in permitting Jody to reimburse him to comply with the parties' original 1988 child support agreement. Notably, Scott does not assign error to the reimbursement calculations, which were finalized in the August 31, 2001 judgment entry, but only that the trial court ordered reimbursement. Because neither party appealed the order vacating the court's previous entry, we dismiss the portions of their appeal relating thereto.
In a judgment entry filed on February 21, 2001, the trial court vacated the prior 1991 judgment entry, pursuant to Civ.R. 60(B), and ordered that Jody reimburse Scott for overpayments of child support made in reliance upon the vacated order if she wanted to continue her right of post-high school support. When a trial court vacates a judgment according to Civ.R. 60(B), the judgment of vacation becomes a final appealable order.[1] Consequently, such judgment may be appealed only if a notice of appeal is filed within thirty days from its entry.[2] Because Scott did not file a notice of appeal until September 25, 2001, and Jody did not file a notice of cross-appeal until October 5, 2001, both parties have waived their right to appellate review of the issues resolved by the trial court in its February 21, 2001 judgment entry.
For these reasons, Scott's first and second assignments of error and Jody's first cross-assignment of error are hereby dismissed.
 Cross-Assignment of Error II
The trial court erred in failing to follow the prior orders of the court when determining current child support and when determining the amount of reimbursement due Appellant/Cross-Appellee from Appellee/Cross-Appellant.
 In her second cross assignment of error, Jody claims that the trial court did not properly calculate the amount of child support reimbursement she was required to pay Scott because it did not take into consideration and set-off from the reimbursement amount the years that she received support totaling less than 15.43% of Scott's income. Furthermore, Jody contends that the trial court deviated from the parties' separation agreement to calculate child support for 1999 and erred in utilizing a statute that did not become effective until March 22, 2001.
At the outset, we note that in reviewing a trial court's decision in domestic relations matters, an appellate court must uphold the decision absent an abuse of discretion.[3] An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable when rendering its decision.[4] Consequently, an appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion.[5] Further, an appellate court should not independently review the weight of the evidence in the majority of cases but, rather, should be guided by the presumption that the trial court's findings are correct.[6] And, in a domestic relations case, a trial court must have the discretion to do what is equitable based upon the facts and circumstances of the case.[7]
The trial court herein, after vacating the 1991 judgment entry, afforded Jody an opportunity to reimburse Scott for child support payments that were greater than 15.43% of Scott's income in an effort to put the parties into the position they would be in had reliance on the 1991 judgment entry never occurred. Jody argues that had the 1991 judgment never been entered, she would not have taken a decrease in support to accommodate Scott in his educational endeavors and, as such, the court should have taken into consideration all support payments under the 15.43% threshold as well as payments over the threshold. However, for the following reasons, we find that the trial court's decision was reasonable based upon the circumstances of this case.
The trial court afforded Jody the opportunity to come into compliance with the original child support agreement, which affords her the continuation of child support throughout her children's collegiate educations. Otherwise, because Jody had received an increase in child support beyond the threshold percentage in 1996 and 1997, she would not benefit from the post-high school agreement established in the 1988 separation agreement. Moreover, while Jody suffered a reduction in support during the time Scott pursued additional training, she does benefit from making that allowance: Scott's income has risen considerably since his additional training, which has benefited and will continue to benefit Jody because her child support is based upon a percentage of Scott's income. Considering the benefit of allowing the continuance of post-high school support and the additional income produced by Scott's training, which may not have otherwise been received if Jody had not forewent support, we do not find that the trial court's reimbursement calculations were unreasonable.
Jody also contends that the trial court erred by retroactively utilizing a 2001 statute to calculate the child support payments for 1999. The trial court stated in its entry, in pertinent part, with respect to the newly enacted statute, the following:
 "It appears from the new statute that instead of looking at these cases automatically having a large amount of support that may be grossly in excess of what is needed for the children and therefore having to substantiate why this amount should not be ordered, we will now be expected to figure the amount at the $150,000 level and then make determinations as to why there should be additional support paid as a result of the income of the parties involved.
"This reference to the new statute is merely in recognition of the fact that our legislature has come in contact with and reacted to an existing problem as this statute is not applicable to the motion presently beforethe Court as it would have prospective application from March 22, 2001 and this motion was filed on December 20, 1999."
 Clearly, the trial court was merely mentioning the former statute in order to illustrate the apparent difficulties in awarding child support in cases where the parties have an income that exceeds the amounts where child support is predetermined by statute, as is the case herein. However, as stated above, the trial court did not utilize the newly enacted statute to calculate the parties current responsibilities, which is further reflected later in the judgment entry when the court states that the decision is appropriate "under the applicable sections of the Ohio Revised Code as existed at the time of the filing of the motion."
Jody seems to further argue that because the parties' 1988 child support agreement states that she can receive up to 15.43% of Scott's income in child support without terminating her benefits of continued post-high school support, the trial court is obligated to award that amount. However, trial courts retain continuing jurisdiction to modify separation agreements incorporated into decrees of dissolution as to matters "pertaining to * * * child support."[8] Thus, while Jody may be seeking an increase in child support up to the threshold percentage contained in the separation agreement, whether such amount will be awarded is still a matter to be decided by the court based upon the circumstances of the case.[9] The separation agreement herein only mandates that if Jody is granted a support award that exceeds the threshold percentage, then Scott's post-high school obligation will be terminated; furthermore, the agreement provides that the amount of child support can be modified by the court pursuant to its continuing jurisdiction. Accordingly, the trial court did not deviate from the parameters of the separation agreement, and we find no abuse of discretion in the 1999 child support calculation.
For these reasons, Jody's second cross assignment of error is without merit and overruled.
Having found no error prejudicial to Appellant/Cross-Appellee and Appellee/Cross-Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.
[1] Biller v. Fitch (1989), 61 Ohio App.3d 357, 358, 572 N.E.2d 798;Bellamy v. Bellamy (1996), 110 Ohio App.3d 576, 579, 674 N.E.2d 1227;Busa v. Lasorella (May 4, 1995), Cuyahoga App. No. 67980; Boldt v. Boldt
(Dec. 9, 1998), Summit App. No. 18736; Colley v. Bazell (1980),64 Ohio St.2d 243, 246, 18 O.O.3d 442, 416 N.E.2d 605.
[2] App.R. 4(A).
[3] Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
[5] Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131,541 N.E.2d 597.
[6] Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.
[7] Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222, 9 OBR 529,459 N.E.2d 896, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 421 N.E.2d 1293; Berish v. Berish (1982), 69 Ohio St.2d 318,320, 23 O.O.3d 296, 432 N.E.2d 183; Koegel v. Koegel (1982),69 Ohio St.2d 355, 357, 23 O.O.3d 320, 432 N.E.2d 206.
[8] R.C. 3105.65; In re Whitman (1998), 81 Ohio St.3d 239, 241,1998-Ohio-466, 690 N.E.2d 535; In re Tressler (June 11, 1999), Defiance App. No. 4-98-21.
[9] Tressler, supra, citing DePalmo v. DePalmo (1997), 78 Ohio St.3d 535,540, 1997-Ohio-184, 679 N.E.2d 266.