McCLAIN, APPELLANT, *v.* McCLAIN, APPELLEE.

[Cite as McClain *v.* McClain (1984), 15 Ohio St. 3d 289.]

(No. 84-40—Decided December 31, 1984.)

*Ms. Joyce E. Barrett,* for appellant.
*Mr. John J. Kovacs,* for appellee.

J. P. CELEBREZZE, J. The sole question before this court is whether a court of common pleas may modify a provision for periodic sustenance alimony contained within a dissolution of marriage decree. We answer this question by limiting our holding in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], to divorce cases, and by denying a trial court such jurisdiction to modify when the parties have voluntarily agreed to a dissolution.

The jurisdiction exercised by a trial court when granting a divorce is decidedly different than the jurisdiction exercised when granting a dissolution of marriage. In a divorce case the matter of periodic alimony payments is one for determination by the court. A court, after considering the evidence before it, may accept or reject a separation agreement entered into by the parties, or may make its own determination as to the need for, and amount of, periodic alimony payments. In a dissolution case, however, the matter of periodic alimony payments is one to be settled by voluntary agreement between the parties. A court has no jurisdiction to grant a dissolution unless the parties have entered into a separation agreement either providing for alimony, or providing that none shall be paid. See, *e.g., Alban* v. *Alban* (1981), 1 Ohio App. 3d 146, 148, and *Ashley* v. *Ashley* (1981), 1 Ohio App. 3d 80, 82.

The limitation upon a court's jurisdiction in dissolution cases extends to modifications of separation agreements after a decree is entered. Just as a court lacks authority to set the original amount of alimony payments in a dissolution case, a court also lacks authority to modify the amount of alimony payments originally agreed to by the parties. See, *e.g., Alban* v. *Alban, supra.*

The legislative history of R.C. 3105.65(B) indicates that the General Assembly has considered the question *sub judice* and has reached the same conclusion as does this court. R.C. 3105.65(B) empowers the court to grant a decree of dissolution of marriage incorporating a separation agreement. As originally enacted in 1974, the final sentence of R.C. 3105.65(B) read: "The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, visitation, and periodic alimony payments." (135 Ohio Laws, Part II, 603, 616.) One year later the General Assembly amended R.C. 3105.65(B) by deleting the words "and periodic alimony payments." (136 Ohio Laws, Part II, 2451, 2452.) The final sentence of R.C. 3105.65(B) now reads: "The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation." We can infer from this deletion

that the legislature specifically intended that a court would not retain jurisdiction to modify periodic alimony payments provided for in a separation agreement incorporated in a decree of dissolution of marriage.

In light of the consensual nature of separation agreements incorporated into decrees of dissolution of marriage, and the legislative history of R.C. 3105.65(B), we hold that a court of common pleas does not have jurisdiction to modify a provision for periodic sustenance alimony payments contained within a dissolution of marriage decree.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.

FORD, J., dissents.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

FORD, J., dissenting. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], held that the courts will reserve the right to modify an alimony award where that award was granted pursuant to an agreement of the parties in a divorce. The *Wolfe* decision was based essentially on the concept that the trial court has a continuing responsibility to ensure that equity and fairness be maintained between the parties. Query, isn't the "continuing modification jurisdiction" of *Wolfe* a synonymous designation for the inherent equitable jurisdiction of a trial court?

"It is self-evident that a separation agreement, which purports to set a fair level of alimony for sustenance, as well as divide and distribute the property of the parties and settle their affairs, is not necessarily continually fair and equitable thereafter. We may assume that it is fair at the moment of its execution, and that it continues to be fair at the time of divorce if the parties offer it for inclusion and merger into the decree. At that point, all that can be said is that it sets a fair and equitable 'initial level' of obligations.

"Such initially fair agreements may be rendered manifestly oppressive in countless situations, such as where the custodian of the children fails to provide proper care and guidance, or where the receiver of alimony makes no attempt at self-support or where the economic situation of either or both of the parties drastically changes. The holding in this case, that a court has continuing modification jurisdiction over alimony for sustenance awards, is to assure that such awards are continually just." *Id.* at 418-419.

This rationale is equally applicable in a case such as the present where an alimony award has been granted pursuant to an agreement between the parties in a dissolution. Any change in R.C. 3105.65(B) as amended

cannot be interpreted as a revocation of the court's inherent equity powers. Therefore, I would not limit the *Wolfe* holding, and would extend it to an alimony award made pursuant to an agreement in a dissolution. On this basis, the present case should be affirmed.