DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 ________________________________ BATCHELDER, Judge.
Appellant Karen Collier, n.k.a. Karen Gavriloff, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, terminating Appellee David Collier's obligation to pay spousal support. Appellant argues that the separation agreement approved by the trial court did not contain an express provision reserving jurisdiction, and, therefore, the trial court lacked jurisdiction to modify or terminate spousal support pursuant to R.C. 3105.18(E) (2). This Court reverses the judgment of the trial court.
Appellant and Appellee were married on October 9, 1971. They had two children as issue of this marriage, David J. Collier, born May 31, 1976, and Tia Collier, born June 26, 1978. Appellant and Appellee dissolved their marriage on November 21, 1994. The parties had entered into a separation agreement that was adopted by the trial court in its judgment dissolving the marriage. Pursuant to this separation agreement, Appellant was designated the residential parent of the two children. In addition, Appellee was obligated to pay child support in the amount of $700 per month, or $350 per child per month. Appellee also agreed that upon their son becoming emancipated, he would continue to pay $350 per month to Appellant for a period of seven years as spousal support. After the children both became emancipated, Appellant moved the trial court to continue and increase child support for Tia due to her mental handicap. The trial court referred the matter to a magistrate.
On September 10, 1997, the magistrate granted Appellant's motion and increased child support to $560.33 per month for Tia. This judgment was then adopted by the trial court. On September 6, 1997, Appellant remarried. On December 11, 1997, Appellee moved the trial court to terminate child support and spousal support. The magistrate modified child support by reducing it to $507.63 per month, and granted Appellee's motion to terminate spousal support based upon Appellant's remarriage. On April 27, 1998, Appellant objected to the magistrate's decision. The trial court overruled her objection, and adopted the magistrate's report on September 2, 1998. This appeal followed.
 Assignment of Error The trial court erred in granting [Appellee's] motion to terminate spousal support as the parties' Separation Agreement did not expressly retain jurisdiction for the Court
[sic] to modify the amount or terms of alimony or spousal support.
Appellant avers that the trial court lacked jurisdiction to modify the payment of spousal support because the separation agreement did not contain a clause expressly retaining jurisdiction in the trial court. We agree.
R.C. 3105.65 provides for the termination of a marriage through a dissolution upon the parties entering into, and the trial court approving, a separation agreement. The separation agreement may contain a provision for the payment of spousal support. R.C.3105.18 governs the payment of spousal support, and the trial court's jurisdiction to modify or terminate such payments. See, also, R.C. 3105.65(B). In Wolfe v. Wolfe (1976),46 Ohio St.2d 399, paragraph two of the syllabus, the Ohio Supreme Court held that a reservation of jurisdiction to modify an award of spousal support is implied in the separation agreement. InDunaway v. Dunaway (1990), 53 Ohio St.3d 227, syllabus, the Ohio Supreme Court further held that
 [w]here a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries.
However, in 1993 the Ohio State Legislature amended R.C. 3105.18. The relevant portion of R.C. 3105.18 reads as follows:
 (E) * * * [I]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
* * *
 (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
(Emphasis added.)
The trial court relied upon Dunaway, supra, andHunt v. Hunt (1959), 169 Ohio St. 276, in concluding that Appellee's obligation to pay spousal support terminated upon Appellant's remarriage despite the lack of a reservation of jurisdiction in the separation agreement. However,Dunaway predates the amendment of R.C. 3105.18, andHunt was overruled by the Ohio Supreme Court in Inre Adams (1989), 45 Ohio St.3d 219, 221. In Adams, the court held that "[p]ursuant to R.C. 3105.65(B), a court is without jurisdiction to modify or terminate an award of alimony set forth in a separation agreement incorporated into a decree of dissolution of marriage, absent a reservation of jurisdiction in the agreement." Id. at syllabus. R.C. 3105.65(B) reads in pertinent part:
 The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, and to visitation. The court, only in accordance with division (E) (2) of section 3105.18 of the Revised Code, may modify the amount or terms of spousal support.
(Emphasis added.) Thus, according to Adams,supra, and R.C. 3105.65(B) and 3105.18(E) (2), the trial court has jurisdiction to modify or terminate spousal support only when there is an express provision in the separation agreement retaining jurisdiction in the trial court. InKirschner v. Kirschner (Aug. 23, 1995), Lorain App. No. 94CA005966, unreported, this Court held that
 R.C. 3105.18(E) (1) deprives a court of jurisdiction to modify the amount of spousal support provided in a divorce decree unless the decree specifies otherwise. This provision was added to the statute in 1986. Prior to the 1986 revision, R.C. 3105.18 was silent as to whether a court retained jurisdiction to modify the amount of spousal support incident to a divorce decree.
(Footnote omitted.) Id. at 2 (jurisdictional limitation of R.C. 3105.18(E) (1) did not apply in this case because the divorce decree was issued prior to statutory revision); see, also, Moore v. Moore (1997), 120 Ohio App.3d 488, 491
(because trial court expressly did reserve jurisdiction to modify spousal support, it had jurisdiction, pursuant to R.C.3105.18(E) (1), to modify award). Although in Kirschner
we dealt with a divorce decree rather than a separation agreement, the principle of law remains the same. Therefore, we hold that R.C. 3105.18(E) (2) also deprives a court of jurisdiction to modify the amount, or terms, of spousal support provided in a separation agreement unless the agreement specifies otherwise.
In this case the relevant portion of the separation agreement reads as follows:
 Husband agrees that commencing on June 1, 1995 when child support for David J. Collier ends, husband will continue to pay the sum of $350.00 per month to wife, as and for spousal support. These payments will continue on a monthly basis for seven years, or until May 31, 2002.
It is clear from the language of the separation agreement that the parties failed to include an express provision retaining jurisdiction in the trial court to modify the amount or terms of spousal support. Absent such a provision, the trial court in this case lacked jurisdiction to terminate Appellee's obligation to pay spousal support pursuant to the separation agreement. Appellant's assignment of error is well taken.
Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this opinion.
 Judgment reversed, and cause remanded. KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
SLABY, P. J.
WHITMORE, J.
CONCUR