OPINION.
{¶ 1} Appellant, David B. Bayer, appeals from the April 26, 2002 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, finding that appellant had failed to purge himself of contempt for failing to pay appellee money owed pursuant to the June 13, 2001 purge order.
 {¶ 2} On August 26, 1999, appellant and appellee, Anna M. Bayer, filed a petition for dissolution of marriage with an attached separation agreement. Also, on August 26, 1999, appellant filed a waiver of counsel. On November 22, 1999, the trial court dissolved the parties' marriage contract and incorporated the provisions of the separation agreement into the dissolution decree.
 {¶ 3} On May 30, 2000, appellant filed a motion for declaratory judgment. On July 28, 2000, appellee filed a motion for summary judgment, a motion to dismiss appellant's motion for declaratory judgment, a motion to show cause, and a motion for attorney fees. A hearing was held on March 12, 2001. At the commencement of the hearing, appellant withdrew his May 30, 2000 motion for declaratory judgment, and appellee withdrew her July 28, 2000 motions for summary judgment and for dismissal. On June 12, 2001, appellee's motion to show cause was well-taken and all other pending motions were marked resolved. Pursuant to the June 12, 2001 judgment entry, the trial court found appellant in contempt but allowed appellant to purge himself.
 {¶ 4} On October 30, 2001, appellee filed a motion to impose sentence, a motion to enforce judgment, and a motion for attorney fees. A hearing was held on April 16, 2002. On April 26, 2002, a judgment entry was filed in which the trial court imposed a jail sentence upon appellant for failure to purge himself of contempt.
 {¶ 5} The facts emanating from the record are as follows: On August 24, 1999, appellant and appellee signed a separation agreement, drafted by appellee's counsel, which was attached to the August 26, 1999 petition for dissolution of marriage. At the time the separation agreement was signed, appellee was employed part-time as a school bus driver for the Willoughby-Eastlake School District, and appellant was, and is still currently employed full-time by Identiphoto as an I.D. consultant. Pursuant to paragraph twenty of the separation agreement, the parties agreed that appellant would provide and maintain appellee on his health insurance policy through his employer for two years from the date of the final hearing of dissolution, which occurred on November 15, 1999. At that time, there was no additional cost to appellant for himself or for appellee to be on his employer's health insurance policy. The parties agreed that appellant would continue appellee on his policy for a two-year period because they believed that appellee would not be eligible for health insurance through her employer for approximately two years.
 {¶ 6} In April 2000, appellant's employer conducted a review of all its employees and informed appellant that because it needed to cut costs and since appellant and appellee were no longer married, appellee would be dropped from the company health insurance policy. Later that same day, appellant contacted appellee by telephone and told her the reasons why his employer decided to cancel her policy, effective June 1, 2000. Appellee replied, "[i]t's your responsibility to provide and maintain insurance." When appellee was removed by the company from the policy, appellant did not receive any type of raise, bonus, or compensation of any sort from his employer.
 {¶ 7} Appellee became eligible on March 22, 2000, for health insurance through Willoughby-Eastlake School District. However, appellee decided to waive that insurance so that she could receive an additional $125 per month. On April 20, 2000, appellee signed a document titled "Group Health Insurance Agreement" which waived the health insurance for which she had become eligible. This waiver could have been reversed at any time. In October 2000, appellee, who was uninsured, needed to have a tumor removed and incurred medical and hospital bills totaling $9,336.08.
 {¶ 8} On April 26, 2002, the trial court found that appellant had failed to purge himself of the contempt, which included paying appellee the sum of $9,336.08 at the rate of $200 per month until paid in full. The trial court ordered that appellant serve a thirty day sentence for contempt, as well as pay $687.50 in attorney fees and $90 in filing fees. It is from that judgment that appellant filed a timely notice of appeal on May 13, 2002, and makes the following assignment of error:
 {¶ 9} "Whether the trial court erred to the prejudice of [appellant when it] found appellant in contempt of court and imposed a jail sentence for appellant's failure to provide and maintain health insurance for appellee."
 {¶ 10} Appellant's sole contention is that the trial court abused its discretion when it interpreted the separation agreement clause requiring appellant to "provide and maintain the current hospital and medical insurance or a like hospital and medical insurance" for appellee to mean that appellant must pay the monthly premium for such a policy when the parties never agreed nor bargained for appellant to do so. Appellant further argues that the trial court erred to his prejudice in relying on this ambiguous clause, especially since it was drafted by appellee's attorney and appellant was never represented by counsel.
 {¶ 11} A separation agreement is a contract between the parties.In re Howe (Aug. 6, 1999), 11th Dist. No. 98-P-0004, 1999 Ohio App. LEXIS 3607, at 12. "Once a separation agreement is incorporated into a decree of dissolution, it loses its separate legal identity as a contract and is superseded by the decree." Sutherell v. Sutherell (June 11, 1999), 11th Dist. No. 97-L-296, 1999 Ohio App. LEXIS 2631, at 12, citing Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, 417. A separation agreement may not be modified by a trial court absent specific authority to do so. Sutherell, supra, at 7, citing In re Adams (1989), 45 Ohio St.3d 219, 221.
 {¶ 12} In a contempt action, an appellate court must uphold the trial court's decision absent a showing that the trial court abused its discretion. Winebrenner v. Winebrenner (Dec. 6, 1996), 11th Dist. No. 96-L-033, 1996 Ohio App. LEXIS 5511, at 7, citing State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. "This necessitates a determination that the court's judgment was unreasonable, arbitrary or unconscionable." Winebrenner, supra, at 7, citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The party asserting a show cause motion has the burden to prove by clear and convincing evidence that a breach has occurred. Winebrenner, supra, at 8. "Clear and convincing evidence is more than a mere preponderance of the evidence; it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." In re Bailey (July 20, 2001), 11th Dist. No. 2001-G-2337, 2001 Ohio App. LEXIS 3294, at 9, citing In reAdoption of Holcomb (1985), 18 Ohio St.3d 361, 368.
 {¶ 13} When the moving party establishes the existence of a divorce decree and produces evidence of a breach (i.e. nonpayment) according to the terms of the decree, a prima facie showing of civil contempt exists. Winebrenner, supra, at 8. The burden then shifts to the respondent to establish any defense he may have for nonpayment. Id., citing Morford v. Morford (1993), 85 Ohio App.3d 50, 55. The trial court has a great deal of discretion in civil contempt proceedings.Winebrenner, supra, at 8.
 {¶ 14} In reviewing terms of a separation agreement, courts must not construe language that is clear and unambiguous on its face. In reMyers (Sept. 8, 2000), 11th Dist. No. 99-T-0067, 2000 Ohio App. LEXIS 4102, at 5, citing Logsdon v. Fifth Third Bank of Toledo (1994),100 Ohio App.3d 333, 339. "A clause is ambiguous when it is reasonably susceptible to more than one meaning." Murphy v. Murphy, 11th Dist. No. 2001-T-0147, 2002 Ohio 7277, at ¶ 16. "When the contract terms are clear, courts should not, in effect, create a new contract by finding an intent not expressed in the clear language by the parties. Myers, supra, at 5, citing Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635,638. Based on the rules of construction of contracts, clear and unambiguous terms in a separation agreement are to be given their plain and ordinary meaning. Granger v. Granger (June 15, 1990), 11th Dist. No. 89-G-1526, 1990 Ohio App. LEXIS 2377, at 5.
 {¶ 15} The separation agreement at issue in the instant case, which was signed by both parties on August 24, 1999, provides in pertinent part:
 {¶ 16} "11. * * * Husband acknowledges that he is not represented by an Attorney in this matter and that he has thoroughly read and understood the original Separation Agreement in this case prior to the signing of said document * * *.
 {¶ 17} "* * *
 {¶ 18} "17. * * * If either the Wife or the Husband defaults in the performance of any of the terms, provisions or obligations herein set forth, and it becomes necessary to institute legal proceedings to effectuate the performance of any of the provisions of this Agreement, then in such case, the party found to be in default shall pay all expenses, including reasonable attorney fees incurred in connection with such enforcement proceedings.
 {¶ 19} "* * *
 {¶ 20} "20. * * * Husband shall provide and maintain the current hospital and medical insurance or a like hospital and medical insurance for the wife for two (2) years from the date of the final hearing of dissolution or divorce."
 {¶ 21} In the case at bar, appellant argues that the clause in the separation agreement requiring him to "provide and maintain the current hospital and medical insurance or a like hospital and medical insurance" is ambiguous. Appellant stresses that this clause is not intended to mean that he must pay a cost for such a policy because he and appellee never agreed nor bargained for appellant to do so. Appellant also points out that the ambiguous clause was drafted by appellee's attorney and that he was never represented by counsel. As such, appellant contends that he cannot be held in contempt of court for failing to provide and maintain hospital and medical insurance for appellee due to the fact that it was impossible for appellant to provide the current health insurance because appellant's employer, not appellant, decided to drop appellee from its policy. We disagree.
 {¶ 22} Based on Winebrenner, supra, appellee had the burden to prove her case by clear and convincing evidence. She carried her burden of proof by demonstrating that a valid court order exists and that no monies have been paid on the purge order. Therefore, the burden then shifted to appellant to present affirmative defenses, which he failed to properly provide. Thus, we must uphold the trial court's decision since there is no showing that the trial court abused its discretion.
 {¶ 23} The specific clauses at issue in this case are clear and unambiguous. As such, they are not reasonably susceptible to more than one meaning. Paragraph eleven of the separation agreement clearly states that although appellant is not represented by counsel, appellant thoroughly read and understood the separation agreement before he signed it. Next, paragraph seventeen clearly demonstrates that if either party defaults, that party must pay all expenses, including reasonable attorney fees. Lastly, paragraph twenty clearly stresses that appellant must "provide and maintain the current hospital and medical insurance or alike hospital and medical insurance" for appellee for two years from the date of the final hearing of dissolution or divorce. (Emphasis added.) Therefore, pursuant to Myers, we must not construe language that is clear and unambiguous on its face.
 {¶ 24} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
WILLIAM M. O'NEILL, J., and CYNTHIA WESTCOTT RICE, J., concur.