OPINION
{¶ 1} In this accelerated calendar case, appellant, John R. Vogel, appeals the judgment entered by the Ashtabula County Court of Common Pleas, Domestic Relations Division. Appellee, Cheryl D. Vogel, has not filed an appellate brief.
 {¶ 2} The parties were married in 1987. The marriage produced two children. In 1998, appellee filed a complaint for legal separation.
 {¶ 3} A final hearing was held on August 29, 2001. On February 13, 2002, a judgment entry was issued. Among other matters, this judgment entry designated appellant as the legal custodian and residential parent of the children. The entry ordered appellee to pay appellant ten dollars per child, per month, for child support. This minimal amount was a deviation from the child support guidelines, but both parties agreed it was fair because appellee was unemployed and unable to work. Finally, the entry provided "[t]he matter of child support is not subject to further order of the Court unless [appellee] becomes employed."
 {¶ 4} On February 20, 2002, appellant filed a motion to increase child support. In support of his motion, he attached an affidavit. Therein, he stated one of the children had been diagnosed as a schizophrenic and required additional care. He stated this was a change in circumstances that occurred subsequent to the final hearing. In May 2002, the trial court denied appellant's motion, finding it was without jurisdiction to consider the issue of child support.
 {¶ 5} In August 2003, the Ashtabula County Child Support Enforcement Agency ("ACCSEA") filed a motion to modify child support. In support of its motion, ACCSEA filed a report from its hearing officer, who found that one of the children was a special-needs child. The report recommended increasing appellee's child support obligation. On August 6, 2003, the trial court increased appellee's child support obligation to a total of $451.84 per month for both of the children. However, ACCSEA moved to vacate the judgment entry increasing support, because appellee objected to the hearing officer's determination and the trial court did not conduct a hearing. The trial court vacated the judgment entry increasing support. Despite the fact the order was already vacated, appellee filed a motion for relief from the trial court's August 6, 2003 judgment entry, arguing that she was not provided with proper service.
 {¶ 6} A hearing was set on the child support matter for February 2004. Prior to the hearing date, appellee filed a motion to dismiss, contending the trial court did not have jurisdiction to hear the matter. Appellant filed a motion in opposition to appellee's motion to dismiss, again arguing that one of the children is schizophrenic and requires extensive care. The trial court granted appellee's motion to dismiss, holding that no further motions to modify child support shall be filed unless the moving party has proof that appellee is employed.
 {¶ 7} Appellant has timely appealed the dismissal of ACCSEA's motion to modify child support. Appellant raises the following assignment of error:
 {¶ 8} "The trial court erred in denying the motion to modify child support without hearing."
 {¶ 9} Regarding spousal support, R.C. 3105.18(E) provides that a trial court does not retain jurisdiction to modify a support order unless it specifically retains jurisdiction to do so.[1] However, there is no analogous statute regarding child support. Rather, R.C. 3119.79 provides the court with the authority to recalculate an order of child support. Moreover, R.C. 3105.65 specifically provides the court with continuing jurisdiction on the issue of child support.[2] R.C. 3105.65(B) provides, in part:
 {¶ 10} "The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, to parenting time of parents with the children, and to visitation for persons who are not the children's parents."
 {¶ 11} The legislature has specifically provided trial courts with continuing jurisdiction over certain issues involving children, including child support. Therefore, in this matter, the trial court was not permitted to sua sponte divest itself of jurisdiction of the child support issue.
 {¶ 12} Appellant's assignment of error has merit.
 {¶ 13} The judgment of the trial court is reversed. This matter is remanded to the trial court to hold a hearing on ACCSEA's motion to modify child support.
O'toole, J., concurs, Rice, J., dissents.
[1] Kimble v. Kimble, 97 Ohio St.3d 424, 2002-Ohio-6667, syllabus.
[2] McClain v. McClain (1984), 15 Ohio St.3d 289, 290.