[Cite as *Jepsen v. Hoskisson*, 2012-Ohio-2954.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| RON JEPSEN | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11-CA-41 |
| | : | |
| | : | |
| KARRIE HOSKISSON | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:    Civil Appeal from Fairfield County
Court of Common Pleas, Domestic
Relations Division, Case No.
2006DR00079

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    June 20, 2012

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

THOMAS LIPP    MICAELA DEMING
123 S. Broad Street, Suite 309    5384 Whispering Oak Blvd.
Lancaster, Ohio  43130    Hilliard, Ohio  43026

*Edwards, J.*

{¶1}   Defendant-appellant, Karrie Hoskisson, appeals from the July 7, 2011, Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division denying her Civ. R. 52 Motion for Findings  of Fact and Conclusions of law and her Civ. R. 59 Motion for a New Trial.  .

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   Appellant Karrie Hoskisson and appellee Ronald Jepsen were married on July 24, 1999. Two children were born as issue of such marriage. While one of the children was born on February 6, 1998, the other was born on December 18, 1999.

{¶3}   On February 6, 2006, appellant filed a complaint for divorce against appellee. An Agreed Judgment Entry/Decree of Divorce was filed on November 16, 2007. Pursuant to the Separation Agreement that was incorporated into the Decree, appellant was designated the residential parent and legal custodian of the children.

{¶4}   Subsequently, on July 16, 2009, appellee filed a motion asking to be designated temporary and permanent residential parent and legal custodian of the children or, in the alternative, asking for a shared parenting plan. On February 10, 2010, a handwritten Memorandum Entry was filed that outlined the parties' agreement as to shared parenting. The Memorandum Entry, which was signed by the parties and their counsel, contained the following typewritten language: "This entry is to be filed but not journalized. This entry is to be effective until such time that a formal entry had been filed and journalized not exceeding 30 days." A second Memorandum Entry was filed on March 1, 2011 that addressed financial matters. This second Memorandum Entry also

was signed by the parties and their counsel and contained the same typewritten language.

{¶5} Thereafter, on June 16, 2011, appellant filed a "Notice to the Court." Appellant, in such notice, stated that she withdrew her consent to the Memorandum Entry that was filed on March 1, 2011, but not journalized. Appellant noted that a formal entry had never been filed and also indicated that she did not consent to the Judgment Entry/Shared Parenting Plan that had been proposed by appellee on April 21, 2011. In response, appellee, on June 27, 2011, filed a "Motion to Approve Judgment Entry/Shared Parenting Decree and Shared Parenting Plan Being Submitted by the Attorney for the Plaintiff Herewith." On June 28, 2011, a Judgment Entry/Shared Parenting Decree was filed. The same was signed by the trial court judge and magistrate and stated that appellee and his counsel were in "agreement per memorandum entries." The June 28, 2011 Judgment Entry/Shared Parenting Decree further stated as follows with respect to appellant: "agreement per memorandum entries (now opposed)" and stated that "submitted draft on 4/21/11-opposed; see her notice to the Court filed 6/16/11 withdrawing consent to Memorandum Entry." Copies of the February 10, 2010 and March 1, 2011, Memorandum Entries were attached to the Judgment Entry.

{¶6} On July 6, 2011, appellant filed a Rule 29 Motion for a New Trial, arguing, in part, that there was no agreement after March 31, 2011, because the Memorandum Entry was only effective for thirty (30) days and because appellant "informed the Court of the lack of an agreement and expressly withdrew her consent through Notice to the Court on June 16, 2011." Appellant argued that she had never agreed to the "agreed"

entry that was prepared by appellee and signed by the trial court and that, therefore, there was no valid agreement as to shared parenting. On the same date, appellant also filed a motion asking for written findings of fact and conclusions of law pursuant to Civ.R. 52.

{¶7} Pursuant to a Judgment Entry filed on July 7, 2011, the trial court denied appellant's Civ.R. 52 motion. The trial court also denied appellant's Motion for a New Trial. The trial court, in its Judgment Entry, stated, in relevant part, as follows:

{¶8} "Defendant has filed a Rule 52 Motion for written findings of fact and conclusions of law, and a Rule 59 Motion for a New Trial.

{¶9} "The Court finds that the parties, with Counsel, appeared at Court on separate occasions, negotiated agreements and entered into written Memorandum Entries which were signed by the parties, their counsel and the Guardian ad Litem. No contested testimony was presented to the Court. By signing the Memorandum Entry, the parties and the Guardian ad Litem acknowledged that the negotiated agreement was in the best interest of the minor children. Defendant's Rule 52 Motion is hereby found not well taken and shall be denied.

{¶10} "The Court finds that more than 30 days passed from the date the Memorandum Entries were filed and the submissions of the final Entry. The final Entry at issue herein had been signed by the Plaintiff, Plaintiff's Counsel and the Guardian ad Litem. The Defendant and her current counsel did not sign the final Entry as issue herein; however, the Defendant and her prior Counsel had signed the Memorandum Entries. Local Rule 21.4 provides, 'If counsel and/or parties fail to submit an entry

within the required time period, the Court may dismiss the matter.' The court did not dismiss the matter and signed the Entry as presented…."

{¶11} Appellant now appeals from the trial court's July 7, 2011 Judgment Entry, raising the following assignments of error on appeal:

{¶12} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADOPTING AN ENTRY TO SETTLE AN ACTIVE CASE WITHOUT AGREEMENT BY THE PARTIES OR A TRIAL ON THE MERITS.

{¶13} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT-APPELLANT'S RULE 52 MOTION FOR WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW."

I

{¶14} Appellant, in her first assignment of error, argues that the trial court erred by adopting an entry to settle the case when appellant was not in agreement with the same. We agree.

{¶15} As is stated above, on February 10, 2011, and March 1, 2011, the parties and their counsel signed handwritten Memorandum Entries. Both entries contained the following typewritten language: "This entry is to be filed but not journalized. This entry is to be effective until such time that a formal entry had been filed and journalized not exceeding 30 days." No "formal" entries were timely filed and journalized. Appellant, on June 16, 2011, then filed a "Notice to the Court" stating that she withdrew her consent to the Memorandum Entries.

{¶16} Appellee, on June 27, 2011, then filed a "Motion to Approve Judgment Entry/Shared Parenting Decree and Shared Parenting Plan Being Submitted by the

Attorney for the Plaintiff Herewith." On June 28, 2011, a Judgment Entry/Shared Parenting Decree was filed. The Judgment Entry clearly stated that appellant had withdrawn her consent to the Memorandum Entries and opposed the appellee's proposed shared parenting plan.

{¶17} Where both parties agree on the terms of the Agreed Entry in a divorce action, we find that the Agreed Entry is essentially a contract between the parties. See *Klug v. Klug,* 2nd Dist. No. 19369, 2003-Ohio-3042, at ¶ 13 citing *In re Adams*, 45 Ohio St.3d 219, 220, 543 N.E.2d 797 (1989). Accordingly, we also find that contract rules of interpretation apply in this scenario. *Id.* When the terms included in an existing contract are clear and unambiguous, a court cannot create a new contract by finding an intent not expressed in the clear and unambiguous language of the written contract. *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 246, 374 N.E.2d 146, 150 (1978).

{¶18} In the case sub judice, the Memorandum Entries, which were not signed by the trial court but were signed by the parties and their counsel, clearly stated that they were effective "until such time that a formal entry had been filed and journalized not exceeding 30 days." Prior to the time that any "formal" entries were filed and journalized, appellant withdrew her consent.

{¶19} Appellee, in support of his argument that, even though the final entries were not journalized within thirty (30) days in accordance with the above language, the Memorandum Entries are not null and void cites to Fairfield Local Rule 21.0. Such rule provides, in relevant part, as follows:

{¶20} "21.2 **Procedure – Mediation.** Where the parties have reached an agreement through mediation, the written agreement must be signed by the parties and

counsel (if applicable) and submitted to the Court. If the Court approves the agreement it shall be filed with the clerk's office and placed in the case file.

{¶21} "21.3 **Entry requirements.** Except as provided in Local Rule 22.5, within 30 days counsel or non-represented parties shall prepare and submit to the Court an entry incorporating the terms of the memorandum entry or mediation agreement.

{¶22} "21.4 **Failure to submit entry.** If counsel and/or parties fail to submit an entry within the required time period, the Court may dismiss the matter."

{¶23} However, in the case sub judice, the trial court did not dismiss the matter after an entry incorporating the terms of the Memorandum Entries was not filed within thirty (30) days. Rather, the trial court signed the June 28, 2011, Judgment Entry with full knowledge that appellant previously had withdrawn her consent to the Memorandum Entries and opposed appellee's proposed shared parenting plan. We find, on such basis, that the trial court erred in signing the June 28, 2011, Judgment Entry/Shared Parenting Decree.

{¶24} Appellant's first assignment of error is, therefore, sustained.

II

{¶25} Appellant, in her second assignment of error, argues that the trial court erred in denying her motion for written findings of fact and conclusions of law pursuant to Civ. R. 52.

{¶26} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.

**{¶27}** Accordingly, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division is reversed and this matter is remanded for further proceedings.


By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

                                                JUDGES

JAE/d0308

[Cite as *Jepsen v. Hoskisson*, 2012-Ohio-2954.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RON JEPSEN | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KARRIE HOSKISSON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-41 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.

_____

_____

_____

JUDGES