[Cite as *Toops v. Toops*, 2013-Ohio-5618.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

HEATHER S. TOOPS                               :
                                               :        Appellate Case No. 2013-CA-18
            Plaintiff-Appellee                 :
                                               :        Trial Court Case No. 1999-DR-136
v.                                             :
                                               :
AARON L. TOOPS                                 :        (Criminal Appeal from Common Pleas
                                               :         Court, Domestic Relations)
            Defendant-Appellant                :
                                               :
                          · · · · · · · · · ·

O P I N I O N

Rendered on the 20th day of December, 2013.

· · · · · · · · · ·

MARK M. FEINSTEIN, Atty. Reg. #0065183, Feinstein Legal Services Co., L.P.A., 214 Scioto
Street, Urbana, Ohio 43078
            Attorney for Plaintiff-Appellee

MICHAEL A. CATANZARO, Atty. Reg. #0011535, Pavlatos, Catanzaro & Lancaster Co.,
L.P.A., 700 East High Street, Springfield, Ohio 45505
            Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.,

{¶ 1}    Heather Toops appeals from the trial court's denial of her Civ.R. 60(B) motion

for relief from an agreed entry and order resolving various post-divorce motions. The appellee

is her former husband, Aaron Toops.

{¶ 2} In her sole assignment of error, Heather contends the trial court erred in denying her relief under Civ.R. 60(B).[1] She advances three arguments in support. First, she claims the trial court erred in denying her motion without an evidentiary hearing. Second, she asserts that the trial court erred in "weighing the evidence" rather than simply determining whether her allegations, if true, would constitute a defense. Third, she maintains that the trial court erred in relying on mere argument of opposing counsel to deny her motion.

{¶ 3} The marriage of Heather and Aaron Toops apparently ended in a 2001 divorce, but our record begins with the appealed January 9, 2013 agreed entry and order.[2] It appears that several pending motions were to be heard by the trial court on November 29, 2012. A settlement instead was reached, and its terms were read into the record. Heather has not caused the preparation and transmission of a transcript of that proceeding. In any event, the January 9, 2013 entry at issue states:

> This matter came on before the Court on the 29th day of November, 2012, upon all pending Motions before the Court, for trial on the merits. The parties through counsel, advised the court there was an agreement. The terms were read into the record, and after review thereof, the Court hereby ratifies, approves, and adopts the following as instant Orders of the Court.

(Agreed Entry and Order, Doc. #1 at 1).

{¶ 4} The fourteen-page entry details the terms of residential parenting, visitation,

---

[1] For purposes of clarity, we will refer to the parties by their first names.

[2] We indicate the marriage "apparently" ended in 2001 because there is a reference in an entry to a "shared parenting plan approved November 9, 2001," which we believe is consistent with the divorce timing reflected in the parties' briefs. Heather has not caused any parts of the record before January 9, 2013 to be presented to us.

telephone and other media contact, medical and other treatment expenses, tax-dependency exemptions, child support, and health-insurance coverage. The part about which Heather complains is the division of incurred medical bills. The parties agreed to waive any claim against the other for charges or services incurred up to November 29, 2012 with the following exception: "Aaron L. Toops shall assume full responsibility for any balance due * * * [to the] orthodontist, for any balance due for braces for [the parties' sixteen-year-old daughter] only, saving Plaintiff, Heather Toops harmless thereon." (*Id*. at 3).

{¶ 5} On February 7, 2013, Heather sought relief from the agreed entry and order under Civ. R. 60(B)(2) and (3). She argued that she had accepted the terms addressing orthodontic expenses because Aaron's share of the outstanding medical bills was approximately the same as the balance due to the orthodontist for her daughter's braces, approximately $2,200.00. Shortly before filing her motion, however, Heather learned that Aaron had called the orthodontist's office on November 21, 2012—eight days before the agreement negotiated in court—and had scheduled an appointment for January 15, 2013 to have the child's braces removed. A letter from the orthodontist attached to Heather's motion indicates that on January 15, 2013, Aaron "asked [the daughter] what she wanted to do and she wanted [the braces] off." According to the letter, the balance on the account with the orthodontist was $2157.80, Aaron paid a "retainer" fee of $350.00, and the remainder was written off.[3] Attached to the Civ.R. 60(B) motion was Heather's affidavit. It stated that she had "read the allegations contained in the Motion, attached, and those allegations are true and accurate." Heather's motion relied on Civ. R. 60(B)(2) (newly discovered evidence) and Civ.R. 60(B)(3) (fraud, misrepresentation, or

---

[3] The "retainer" fee was for dental retainers later received, not an up-front payment for services as is common in legal billing.

other misconduct of an adverse party). Aaron's counsel filed a response containing argument but no evidence.

**{¶ 6}** To prevail under Civ.R. 60(B), a moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time, and, for reasons under Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment.[4] *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. These requirements are independent and conjunctive. The motion should be denied if any one of them is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15. Motions for relief from judgment are addressed to the sound discretion of the trial court, and rulings thereon will not be disturbed absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion means the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 7}** On March 4, 2013, the trial court overruled Heather's motion. In pertinent part, it stated:

Plaintiff Heather Toops requests that the agreed-upon Judgment Entry be vacated in its entirety because Defendant, without Plaintiff's knowledge, had the child's braces removed thereby limiting the amount he owed for the child's dental bill. Defendant Aaron Toops argues he was obligated to pay any balance

---

[4] Here the timeliness of Heather's motion is not in question.

due on the bill and the decision to remove the braces was his to make, at the child's request, and not conspired to evade the Order. The Court agrees with Defendant Aaron Toops. The decision in regard to the braces is a medical decision made by the father. Whether ill advised or not, it is not the basis for vacating the parties' entire agreed-upon Order.

(Doc. #21).

{¶ 8}     On appeal, Heather advances three arguments. She asserts: (1) that the trial court should have held a hearing because her Civ.R. 60(B) motion and supporting evidence demonstrated a defense; (2) that the trial court improperly weighed evidence in ruling on her motion; and (3) that the trial court erred by relying on argument of opposing counsel, unsupported by affidavit, to deny her motion. Based on the record before us we find these arguments unpersuasive and see no abuse of discretion in the trial court's ruling.

{¶ 9}     We begin by noting that "[u]pon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988); App.R. 9(B).   Moreover, App.R. 16(A)(7) requires, among other things, citations to "parts of the record on which appellant relies." Here the record before us is inadequate. For instance, Heather contends she agreed to have Aaron pay approximately $2,200.00 for the child's braces because that amount roughly equaled certain medical bills for which she was attempting to hold him responsible. But we have no documentation of the nature or extent of the motions that were pending in the trial court, and we have no transcript of the agreement read into the record. Therefore, the record does not support

Heather's contention.

{¶ 10}   We note too that Heather's Civ.R. 60(B) motion characterized Aaron's actions as "fraudulent behavior," "misrepresentations," and "misconduct." Her terse affidavit attached to the motion may be sufficient to substantiate specific factual allegations, but it is no more than notarized argument with respect to the legal conclusions presented. The trial court was not required to accept Heather's notarized characterization of Aaron's conduct.

{¶ 11}   Heather's assignment of error lacks merit for other reasons as well. We previously have stated:

" * * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Wayne Mut. Ins. Co. v. Marlow* (June 5, 1998), Montgomery App. No. 16882, 1998 WL 288912, *2–3, quoting Black's Law Dictionary, abridged (6th Ed.Rev.1991) 290. Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment. *Cunningham v. Ohio Dept. of Transp.*, Franklin App. No. 08AP–330, 2008–Ohio–6911, 2008 WL 5423320, ¶ 37; *Bennitt v. Bennitt* (May 26, 1994), Cuyahoga App. Nos. 65094 and 66055, 1994 WL 236295.

"[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins* (1995), 108 Ohio App.3d 117, 121, 670 N.E.2d 281. It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing

only if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 526, 639 N.E.2d 136; *In re Estate of Kirkland*, Clark App. No.2008–CA–57, 2009–Ohio–3765, 2009 WL 2351758, ¶ 17.

*GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 209, 2010-Ohio-3650, 937 N.E.2d 1077, 1084, ¶ 32–33 (2d Dist.).

**{¶ 12}** In analyzing the trial court's ruling, we will examine the facts presented to determine whether a hearing was necessary. Although we question whether the three documents attached to Heather's motion (a letter from the orthodontist, a letter from opposing counsel, and a release from the orthodontist's office) were presented in a manner consistent with evidentiary quality, the trial court apparently considered information from them and we will do likewise.

**{¶ 13}** The facts evident from the record are that several motions were pending in the trial court. About a week prior to a scheduled hearing on the motions, Aaron had called the child's orthodontist to set an appointment to have her braces removed. Thereafter, an in-court settlement was reached. The agreement was reduced to writing. It required Aaron to be responsible "for any balance due" for orthodontic care, but did not include a specific amount he would be required to pay. Nor did it contain a requirement for the child to continue with orthodontic treatment or any indication that the orthodontic bill was allocated to Aaron in exchange for any other bill. The agreed entry and order, signed by counsel and each of the parties, was filed on January 9, 2013.

**{¶ 14}** On January 15, 2013 Aaron and the child went to the orthodontist's office. Aaron asked what the child wanted to do. She replied that she wanted her braces off. They were

removed, and retainers were created for which Aaron paid. Aaron was the residential parent, at least for school purposes, and Heather had been granted parenting time in accordance with a standard visitation order. Therefore, it appears that the choice to remove the braces was Aaron's to make. [5]

**{¶ 15}** Where parties accept the terms of an agreed entry in a divorce action their agreement essentially is a contract. *Klug v. Klug*, 2d Dist. Montgomery No. 19369, 2003-Ohio-3042, at ¶ 13, *citing In re Adams*, 45 Ohio St.3d 219, 220, 543 N.E.2d 797 (1989). "The interpretation of language used by parties in an agreed entry is governed by contract principles and is subject to the same rules of construction applicable to other contracts." *Klein v. Botelho*, 2d Dist. Montgomery No. 24393, 2011-Ohio-4165, ¶ 20. When the terms of a written contract are clear and unambiguous, a court cannot create a new contract by finding an intent not expressed in the clear, unambiguous language of the written contract. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146, 150 (1978). On the other hand, if an agreed entry contains ambiguity or there is a conflict in interpretation, a court may consider parol evidence to aid in resolution of the ambiguity or interpretation. *Oberst v. Oberst*, 5th Dist. Fairfield No. 08–CA–34, 2009-Ohio-13, ¶ 21-22.

**{¶ 16}** Here we do not find the parties' agreed entry to be ambiguous or to involve a conflict in interpretation. Even assuming the truth of Heather's assertion that she agreed to have Aaron pay the balance due on the orthodontic bill because of other outstanding medical bills, that evidence is extrinsic to the parties' agreement. The agreed entry and order does not reflect

---

[5] There is a reference to a shared-parenting plan approved on November 9, 2001, and an August 16, 2012 order referring to it, but we have neither in our record. We therefore have nothing before us to contradict the trial court's conclusion that removal of the braces was Aaron's decision to make.

that Aaron's responsibility for the bill was in exchange for any other concession. Likewise, the order contains no requirement for the child to continue wearing braces. Although the order obligates Aaron to pay "any balance due" as of November 29, 2012, part of the orthodontic bill was for future services that were not rendered because the braces were removed.

{¶ 17} Heather's argument essentially would require altering the parties' unambiguous agreement by adding a term compelling the child to wear braces until the completion of $2,157.80 worth of treatment (the prospective balance at the time of removal). Because the trial court was not required to consider Heather's extrinsic evidence in the face of an unambiguous agreement, no hearing was necessary for the trial court to make its decision. The trial court did not err in finding that Aaron did not evade the order.

{¶ 18} The trial court also was not required to conduct a hearing on Heather's allegations that Aaron's actions constituted fraud, which could entitle her to relief from judgment. Heather's motion asserted that eight days before the November 29, 2012 settlement, Aaron had scheduled an appointment for removal of the child's braces. He allegedly did not disclose that fact when the parties reached an agreement for him to pay the orthodontic bill, and on January 15, 2013 the braces were removed. The trial court's entry denying relief from judgment makes clear that it was aware of these assertions and assumed they were true. The trial court correctly reasoned that removal of the braces, "[w]hether ill advised or not," was Aaron's decision to make. Therefore, the trial court concluded that his actions did not constitute fraud and were "not conspired to evade the Order." Because the trial court accepted Heather's factual allegations about Aaron planning to remove the braces prior to the agreed entry, no hearing was necessary to address the issue.

**{¶ 19}** We are equally unpersuaded by Heather's claim that the trial court improperly weighed evidence. The parties' agreement required Aaron to pay the balance due as of the date of the agreed entry, and he did so. As set forth above, nothing in the agreement imposed a future obligation to keep his daughter in braces against her wishes. Rather than improperly weighing evidence, the trial court simply considered Heather's Civ.R. 60(B) arguments in light of the terms of the agreed entry and concluded, correctly we believe, that she was not entitled to relief from judgment.

**{¶ 20}** Finally, we reject Heather's claim that the trial court improperly ruled against her based on mere argument from opposing counsel. In support of this contention, Heather notes that she supported her Civ.R. 60(B) motion with an affidavit, whereas Aaron provided no evidence in opposition. Given that scenario, she assumes the trial court improperly treated opposing counsel's argument as evidence when ruling against her. As we have explained, however, the trial court appears to have ruled against Heather based on its determination that she could not prevail under Civ.R. 60(B) despite her presentation of an affidavit. Aaron's failure to provide evidence of his own did not alter that conclusion.

**{¶ 21}** Based on the reasoning set forth above, we overrule Heather's assignment of error and affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . . .

FROELICH and WELBAUM, J., concur.

Copies mailed to:

Mark M. Feinstein
Michael A. Catanzaro
Hon. Brett A. Gilbert