[Cite as *Fuller v. Fuller*, 2018-Ohio-5313.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CYNTHIA FULLER

    Appellant

    v.

DANIEL FULLER

    Appellee

C.A. No.    28891

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2001-01-00332

DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

SCHAFER, Presiding Judge.

{¶1}  Appellant, Cynthia Fuller ("Wife"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that granted appellee's, Daniel Fuller ("Husband"), motion to terminate spousal support. For the reasons that follow, this Court reverses and remands.

I.

{¶2}  Husband and Wife divorced in 2002, after a 28-year marriage, when Husband was 54 years old and Wife was 52 years old. During the marriage, Husband had a lucrative career as a stockbroker for Merrill Lynch, while Wife quit working outside the home to raise the couple's four children. The parties enjoyed a high standard of living.

{¶3}  Husband and Wife executed a separation agreement that was incorporated into their divorce decree as the order of the court. The separation agreement fully addressed spousal support as follows:

Effective the 15th day of August, 2002, the Husband shall pay, as and for spousal support, directly to Wife, the sum of $8,500.00 per month until the first of the following events occur:

a. Wife's death;

b. Husband's death;

c. Wife's remarriage;

d. Subject to the continuing jurisdiction of the Summit County Domestic Relations Court which shall specifically retain jurisdiction to modify the amount of spousal support based upon a change of circumstances of either party. The parties agree that the spousal support payments shall be deductible by the Husband and includable in the Wife's income pursuant to the Internal Revenue Code.

The spousal support was based upon Husband's anticipated 2002 income of $244,000 plus his F Cap distributions, and Wife's imputed income of $24,000.00.

{¶4} In addition, the separation agreement contained a section addressing the parties' "Relinquishment of All Rights in Estate." However, that section contained the following provision: "Notwithstanding the generality of the foregoing, any spousal support shall survive the death of the Husband and be a charge against the Husband's estate." This provision is not relevant to the instant matter.

{¶5} There is no dispute that Husband consistently paid his spousal support obligation to Wife as required by the parties' agreement, until he ceased making payments after February 2017, on his own initiative. In December 2016, shortly before his 69th birthday, Husband filed a post-decree motion to "Terminate [Husband's] spousal support obligation due to a substantial ch[a]nge of circumstances." As grounds, Husband asserted, "I have retired and my income has decreased significantly." He also filed an affidavit of income and expenses, which indicated that his annual income for 2013, 2014, 2015, and the then-current year of 2016 was just under $400,000.00 each year. In addition, a deposition of Husband was subsequently filed as part of the record.

**{¶6}** The matter was heard by the magistrate, who issued a decision denying Husband's motion to terminate spousal support. Referring to the grounds alleged by Husband in his motion, the magistrate found that Husband had neither retired, nor had his income decreased. The domestic relations court adopted the magistrate's decision the same day.

**{¶7}** Husband filed timely objections, which he supplemented after the filing of the transcript. He argued that the magistrate had made erroneous findings of fact, that she abused her discretion, and that equity supported terminating his obligation. In that regard, Husband asserted that he might have retired at the age of 62 or 65 and "likely" would not have had to pay spousal support thereafter. Accordingly, he intimated that Wife had already received windfall spousal support payments of more than $714,000.00. Wife responded in opposition, arguing that the evidence supported the magistrate's findings that Husband had not retired and that his income had not decreased. In regard to equity, she noted the parties' 28-year marriage, her role as a stay-at-home parent, and the parties' high standard of living.

**{¶8}** In ruling on the objections, the domestic relations court noted that the parties' separation agreement expressly provided that the court retained jurisdiction to modify the award of spousal support. Without identifying any specific statute, the trial court wrote that the application of the "relevant factors" to the evidence supported sustaining Husband's objections and granting his motion to terminate spousal support. Although it purported to grant Husband's motion to terminate support, the domestic relations court did so "to the extent that his spousal support obligation is set at zero dollars per month." In addition, it ordered that the court "retains jurisdiction over the issue of spousal support." Finally, the trial court "awarded judgment against Wife in the amount of $17,000 representing spousal support paid to her in January and February, 2017[,]" and taxed all costs to Wife. Wife timely appealed and raises three assignments of error

for review. This Court addresses the second assignment of error first, as it is dispositive of the appeal.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING HUSBAND'S MOTION TO TERMINATE SPOUSAL SUPPORT AS OF DECEMBER 31, 2016.

{¶9} Wife argues that the domestic relations court erred by granting Husband's motion to terminate spousal support. This Court agrees.

{¶10} R.C. 3105.18 addresses the modification of spousal support. Subsection (E) provides that the trial court lacks jurisdiction to modify an award of spousal support unless the parties' divorce decree specifically authorizes the court to modify the amount and/or terms of the award. In applying and interpreting the statute, the Supreme Court of Ohio has held that "[p]ursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction." *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, syllabus.

{¶11} In *Kimble*, the husband moved to terminate his spousal support obligation upon the wife's remarriage. *Id.* at ¶ 2. Because the parties' decree failed to reserve jurisdiction to the trial court to modify spousal support, the high court concluded that the trial court had no authority to terminate the award. *Id.* at ¶ 3. In addressing the husband's argument that R.C. 3105.18(E) was not applicable because he moved to terminate, rather than modify, spousal support, the *Kimble* court noted:

> [T]he difference between a modification and a termination of alimony [i]s a distinction without a difference. Modification and termination of an alimony award are simply different points of degrees on the same continuum. Thus, we

conclude that a motion to terminate spousal support falls within the definition of a modification, since it seeks to alter, change, or reduce the support award.

(Internal quotations and citations omitted.) *Id.* at ¶ 7.

**{¶12}** In 1996, before the Supreme Court released its opinion in *Kimble*, this Court had distinguished between a motion to terminate and a motion to modify as to spousal support. *Synovetz v. Synovetz*, 9th Dist. Lorain No. 95CA006197, 1996 WL 199443 (Apr. 24, 1996). We did so, however, based on the terms of the parties' divorce decree, which provided that the husband would pay the wife a sum certain per month for a definite period of time "'unless [she] remarrie[d], cohabite[d] or either party die[d], whichever [should] first occur.'" (Alterations in original.) *Id.* at *1. Accordingly, this Court concluded that the husband did not have to prove a change in circumstances as required by R.C. 3105.18(E) to modify the award, because he sought not to modify it, but rather to terminate it pursuant to the terms of the divorce decree. *Id.* at *1.

**{¶13}** After *Kimble*, this Court considered "whether any of the Ohio Supreme Court's decisions since *Synovetz* have eliminated the distinction [*Synovetz*] drew between a termination of spousal support based on a change in circumstances and a termination based on a condition subsequent incorporated into the decree." *Guggenbiller v. Guggenbiller*, 9th Dist. Lorain No. 10CA009871, 2011-Ohio-3622, ¶ 5. (examining *Kimble* and *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, where in both cases the parties' decrees did not contain a termination of spousal support provision). In *Guggenbiller*, we concluded that the Supreme Court's holdings did not eliminate the distinction "between terminations of support based on a change in circumstances of the parties [to which an R.C. 3105.18(E) analysis would apply] and those based on the occurrence of a specific condition subsequent." *Id.* at ¶ 5.

**{¶14}** Recently, one of our sister districts addressed a factual situation similar to the instant matter. In *Manley v. Manley*, 7th Dist. Columbiana No. 17 CO 0036, 2018-Ohio-2773,

the parties' divorce decree contained separate provisions addressing under what circumstances spousal support would terminate, e.g., death, remarriage, and cohabitation; and retaining jurisdiction to the trial court to modify the amount and duration of spousal support based on a change in circumstances, including the husband's retirement. *Id.* at ¶ 3. The husband filed a motion to terminate spousal support based on his retirement, arguing a change in circumstances. *Id.* at ¶ 7. After the magistrate denied his motion to terminate, the husband objected, emphasizing the difference between modifications and terminations of spousal support and arguing that he had met the condition subsequent, here, retirement, to support termination. *Id.* at ¶ 11.

{¶15} The *Manley* court discussed this Court's *Guggenbiller* opinion in some detail, emphasizing the distinction between modifications of spousal support, which require a showing of a change in circumstances, and terminations based on a showing that a condition subsequent set out in the parties' decree has been satisfied. *Manley* at ¶ 22. It wrote:

> Modification is an increase or decrease in the amount of alimony payable, or a change in the terms and conditions of payment. A condition subsequent is a future occurrence such as remarriage, death, or cohabitation which upon happening, accelerates the termination of the alimony award

*Id.*, quoting *Guggenbiller* at ¶ 4, quoting *Hibbard v. Hibbard*, 12th Dist. Butler No. CA88-06-078, 1988 WL 139129, *2 (Dec. 27, 1988) (Hendrickson, P.J., concurring). Stressing the significance of the language in the parties' decree, the *Manley* court concluded:

> Therefore, although modification and termination may be on the same continuum, it does not necessarily mean that when a divorce decree lists circumstances which will result in the termination of spousal support and also separately retains jurisdiction for modification of spousal support listing circumstances which could result in modification, those circumstances can be used interchangeably for termination and modification.

*Id.* at ¶ 23; *see also* at ¶ 25 ("[T]he language of the decree is crucial.").

{¶16} The instant case is analogous. The Fullers' divorce decree sets out distinct provisions regarding the modification and termination of spousal support. It expressly retains jurisdiction to the domestic relations court to modify the amount, but not the terms, of the spousal support award based on a change of circumstances. On the other hand, the decree sets forth only three conditions subsequent as ground for termination of the award, specifically, Husband's death, Wife's death, or Wife's remarriage. Accordingly, the trial court had no authority to terminate Husband's spousal support obligation on the basis of retirement, because retirement is not listed as one of the conditions subsequent to support termination.[1]

{¶17} In this case, however, the domestic relations court issued a hybrid order. While purporting to grant Husband's motion to terminate spousal support, the trial court did so "to the extent that his spousal support obligation is set at zero dollars per month." The trial court further expressly "retain[ed] jurisdiction over the issue of spousal support." Accordingly, the judgment effectively ordered a modification, rather than a termination, of spousal support. Husband, however, did not move for a modification. Instead, he sought a definitive termination of his obligation. Because the domestic relations court ordered a modification of spousal support, it exceeded the scope of the relief sought by Husband. Accordingly, the order of modification cannot stand. *See Hajjar Family Trust v. Flan Wa Allan LLC*, 9th Dist. Summit No. 24547, 2009-Ohio-5156, ¶ 26. Based on the above reasoning, Wife's second assignment of error is sustained.

ASSIGNMENT OF ERROR I

THE TRIAL COURT'S FINDINGS THAT HUSBAND HAD RETIRED AND THAT HIS PRESENT EARNING ABILITY IS NOWHERE NEAR HIS PRIOR ABILITY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUBSTANTIAL, CREDIBLE EVIDENCE.

---

[1] This Court makes no determination as to whether or not Husband actually retired.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING JUDGMENT AGAINST WIFE IN THE AMOUNT OF $17,000.

{¶18} In her first and third assignments of error, Wife argues that the domestic relations court's findings were against the manifest weight of the evidence and that the monetary judgment rendered against her constituted an abuse of discretion. Based on this Court's resolution of Wife's second assignment of error, we decline to address the remaining assignments of error, as they have been rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶19} Wife's second assignment of error is sustained. We decline to address the first and third assignments of error. The judgment of the Summit County Court of Common Pleas, Domestic Relations Divisions, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶20} "[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. Husband was pro se during the relevant time period. Furthermore, the Ohio Supreme Court has held that "the difference between a modification and a termination of alimony [i]s a distinction without a difference" and that "a motion to terminate spousal support falls within the definition of a 'modification[.]'" *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, ¶ 7, quoting *In re Adams*, 45 Ohio St.3d 219, 221 (1989).

{¶21} Husband, acting pro se, completed a standard check-the-box post-decree-motion form provided by the domestic relations court. Because none of the choices matched the type of relief he wanted, he marked "[o]ther" and explained that he wanted the court to "[t]erminate [his] spousal support obligation due to a substantial ch[a]nge in circumstances." Next, in a section

asking him to explain why he believed he was entitled to the relief he requested, he wrote that he had retired and that his income had decreased significantly.

{¶22} At the hearing on Husband's motion, the magistrate began by explaining that they were there for an evidentiary hearing on Husband's "motion to modify his spousal support obligation." During the hearing, Wife's counsel also consistently referred to Husband's motion as seeking a modification. Accordingly, even if we set aside the Ohio Supreme Court's directive that a motion to terminate spousal support is the same as a motion to modify spousal support, the record demonstrates that Husband's motion proceeded as a motion to modify support.

{¶23} The majority acknowledges that, under the terms of the parties' decree, the domestic relations court retained jurisdiction to modify the amount of spousal support based on a change of circumstances. It also acknowledges that the domestic relations court did not terminate Husband's support obligation, but set it at "zero dollars per month" for now. The court cannot have exceeded the scope of the relief that Husband requested when it gave him less than he asked for.

{¶24} The scope-of-relief case cited by the majority has no similarity to this case. In *Hajjar Family Revocable Trust v. Flan Wa Allan LLC*, 9th Dist. Summit No. 24547, 2009-Ohio-5156, a landlord sought to recover unpaid rent from a tenant. It also sought to recover the damages and expenses it incurred in removing the tenant from the premises. When the trial court awarded damages, it included the value of some personal property the tenant had removed from the premises without authorization in its award. This Court held that the trial court could not award the landlord damages for the converted property because they were not damages or expenses incurred in the process of removing the tenant from the premises. *Id.* at ¶ 25. *Hajjar*

*Family Revocable Trust* did not involve the termination or modification of spousal support and, therefore, is of limited value as to the issues in this case.

{¶25}  I would conclude that, because Husband filed his motion pro se, we should treat it as a motion to modify spousal support and allow the domestic relations court's order to stand.  I would conclude that, because the parties treated Husband's motion as a motion to modify spousal support, we should treat it as a motion to modify spousal support and allow the domestic relations court's order to stand.  I would also conclude that, because the Ohio Supreme Court has held that motions to terminate spousal support and motions to modify spousal support are equivalent, we should treat Husband's motion as a motion to modify spousal support and allow the domestic relations court's order to stand.  Finally, because the trial court did not grant more relief than Husband requested, we should allow the domestic relations court's order to stand.  I, therefore, respectfully dissent.

APPEARANCES:

RANDAL A. LOWRY Attorney at Law, for Appellant.

KENNETH L. GIBSON, Attorney at Law, for Appellant.

JAMES R. RANFTL, Attorney at Law, for Appellee.