[Cite as *Organ v. Organ*, 2026-Ohio-1641.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| RICHARD C. ORGAN | C.A. No.     31536 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PATRICIA ORGAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     2010-01-0191 |

DECISION AND JOURNAL ENTRY

Dated: May 6, 2026

FLAGG LANZINGER, Judge.

{¶1}   Appellant-Defendant Patricia Organ appeals the judgment of the Summit County Court of Common Pleas Domestic Relations Division terminating spousal support.  We reverse.

I.

{¶2}   Patricia and Appellee-Plaintiff Richard Organ were divorced on April 19, 2013, after 28 years of marriage.  Following a trial on the issue of spousal support, the trial court filed a judgment entry decree of divorce ("Decree of Divorce") including an award of spousal support. The trial court ordered Richard to pay Patricia $13,525 per month indefinitely plus 50% of any employment bonuses he received and 33% of any income he realized on stock he acquired in a certain company.  In evaluating the issue of spousal support, the trial court concluded that Patricia "is entitled to maintain the same standard of living as [Richard]."  The trial "specifically [took] into consideration the income, earning abilities and standard of living of the parties."  The Decree of Divorce also included the following provision:

All spousal support awarded above is subject to the continuing jurisdiction of this court. This total award shall sooner terminate upon the death of either party or the remarriage of the defendant and is modifiable upon a showing of a substantial change of circumstances by either party including but not limited to permanent retirement by plaintiff at age 62 years or older.

Richard appealed, and this Court affirmed the spousal support award. *See Organ v. Organ*, 2014-Ohio-3474, ¶ 1, 33 (9th Dist.).

{¶3} Relevant to this appeal, Patricia filed a motion to modify spousal support on October 5, 2023, requesting the trial court increase Richard's spousal support obligation. Patricia did not state a basis for the requested increase.

{¶4} On November 22, 2023, Richard filed a motion to terminate or modify spousal support. Richard asserted that "[c]onsidering each of the parties' financial assets and liabilities and the factors enumerated in R.C. 3105.18, [his] spousal support should be terminated at this time." In the alternative, Richard requested the trial court reduce his spousal support obligation pursuant to the factors enumerated in R.C. 3105.18.

{¶5} The matter came before a magistrate for final hearing on August 1, 2024, and September 18, 2024. The magistrate heard testimony from both parties and admitted several exhibits.

{¶6} The magistrate filed a magistrate's decision on November 20, 2024, denying Patricia's motion to modify and granting Richard's motion to terminate spousal support. The magistrate concluded that based on the evidence presented, there was not a substantial change of circumstances at the time Patricia filed her motion to modify. The magistrate then found that "it appears that the appropriate duration of spousal support would be approximately ten to twelve years." The magistrate terminated the spousal support on this basis alone, finding termination "to be fair and equitable." The magistrate's decision did not explain why it appeared to the magistrate

that the appropriate duration of spousal support was ten to twelve years. The trial court filed a judgment entry adopting the magistrate's decision that same day.

{¶7} Patricia filed timely objections. Richard filed a response to Patricia's objections. After the court reporter filed the transcripts, both parties filed supplemental briefs. In her supplemental brief, Patricia asserted the magistrate did not have authority to terminate the spousal support award because the trial court had not reserved jurisdiction to do so in the Decree of Divorce except in the case of death or remarriage. In the alternative, Patricia pointed out that the magistrate had terminated spousal support based entirely on the duration of the support award and argued such is not a proper basis for modification. In his supplemental brief, Richard argued the trial court had jurisdiction to terminate the spousal support award based on the language of the Decree of Divorce. Richard further argued that a court may still terminate spousal support based on a change in circumstances when an express condition subsequent has not occurred.

{¶8} The trial court overruled Patricia's objections. In considering the objections, the trial court determined it had jurisdiction to terminate the spousal support award based on the language of the Decree of Divorce. The trial court noted that the magistrate found that an appropriate duration of spousal support would be approximately ten to twelve years. The trial court then made its own determination that "there was a substantial change of circumstances at the time of filing of [Richard]'s Motion to Terminate or Modify Spousal Support, including but not limited to [Richard] reaching full retirement age and [Patricia] being eligible for social security." It was on this basis alone that the trial court determined the magistrate did not abuse her discretion in terminating spousal support.

{¶9} Patricia appeals, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY TERMINATING APPELLEE'S SPOUSAL SUPPORT OBLIGATION.**

{¶10} In her sole assignment of error, Patricia contends the trial court abused its discretion by terminating spousal support. We agree.

{¶11} "This Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 17 (9th Dist.). Under an abuse of discretion standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable rather than merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18. "[W]hen the issue with respect to spousal support presented on appeal concerns an issue of law, we review that issue de novo." *Johns v. Johns*, 2009-Ohio-5798, ¶ 5 (9th Dist.).

{¶12} R.C. 3105.18 governs the modification and/or termination of spousal support. Subsection (E) provides that a trial court lacks jurisdiction to modify a spousal support award unless the parties' divorce decree specifically authorizes the court to modify the amount and/or terms of the award. "In applying and interpreting the statute, the Supreme Court of Ohio has held that '[p]ursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction.'" *Fuller v. Fuller*, 2018-Ohio-5313, ¶ 10 (9th Dist.), quoting *Kimble v. Kimble*, 2002-Ohio-6667, syllabus. "Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree." R.C. 3105.18(F)(2).

{¶13} Here, the Decree of Divorce includes distinct reservations of jurisdiction allowing the trial court to (1) terminate spousal support upon two specific conditions subsequent and (2) modify the amount of the spousal support award upon a showing of a substantial change in circumstances. The language at issue states:

> All spousal support awarded above is subject to the continuing jurisdiction of this court. This total award shall sooner terminate upon the death of either party or the remarriage of the defendant and is modifiable upon a showing of a substantial change of circumstances by either party including but not limited to permanent retirement by plaintiff at age 62 years or older.

This language expressly reserves jurisdiction for the trial court to terminate the spousal support award only upon the death of either party or Patricia's remarriage. This language separately reserves jurisdiction for the trial court to modify the spousal support award upon a showing of a substantial change in circumstances. The language does not include an express reservation of jurisdiction for the trial court to terminate the spousal support award upon the showing of a substantial change in circumstances.

{¶14} Based on the above, we conclude the trial court abused its discretion when it adopted the magistrate's decision terminating Richard's spousal support obligation without authority. Patricia's sole assignment of error is sustained.

III.

{¶15} Patricia's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed.

Judgement reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, P. J.
CONCURRING.

{¶16} I concur. The divorce decree at issue contained specific and distinct provisions with respect to the modification and termination of spousal support. *See Fuller v. Fuller*, 2018-Ohio-5313, ¶ 16 (9th Dist.). The decree set forth only two conditions subsequent that qualified as grounds for termination of the spousal support award: the death of either party or the remarriage of the Appellant. Nonetheless, the trial court terminated the spousal support award on an entirely different basis. Based on the language of the decree and this Court's case law, the trial court lacked authority to do so. *See id.* Accordingly, I concur.

APPEARANCES:

RANDAL LOWRY and ADAM MORRIS, Attorneys at Law, for Appellant.

CHARLES BUDDE, Attorney at Law, for Appellee.